ABNER M. LOCKETT, plaintiff in error, vs. NEEDHAM MIMS, defendant in error.

[1.] Proof that it is the general plan of a father to *loan*, and not to *give* slaves to his children, when they marry or settle in life, is admissible to rebut the presumption of a gift arising from the possession of slaves by a married daughter. Nor is this testimony controverted by the evidence that he had given land to some of the children.

[2.] Professional propriety in the argument of causes.

[3.] The discretion of the Circuit Judge in refusing to grant a new trial, will not necessarily be overruled in this Court, notwithstanding we may think the verdict contrary to the weight of evidence.

[4.] "It was my understanding," used by a witness, may and ordinarily does mean, his knowledge or recollection of the facts.

It is not error to exclude immaterial testimony.

Complaint, in Bibb Superior Court. Tried before Judge LAMAR, at November Term, 1858.

This was an action by Needham Mims against Abner M. Lockett, for the recovery of six or seven negroes, which the

declaration alleged were the property of plaintiff, and in defendant's possession, &c.

It appeared that Lockett married a daughter of plaintiff, and sometime thereafter, about 1850, the negroes went or came into the possession of Lockett, and had remained there ever since. Plaintiff alleges that they were only loaned to defendant. Defendant claims that they were absolutely given to him.

The action was commenced in April, 1856.

The defendant pleaded the general issue, and statute of limitations.

The case was submitted to the jury upon the evidence adduced by both parties, who after argument, found a verdict in favor of plaintiff for $2,500.

Whereupon defendant moved for a new trial, upon the following grounds:-

1st. Because the Court erred in admitting that portion of Charles W. Mims' testimony relating to the general plan of plaintiff to loan and not to give negroes to his children, and in overruling defendant's objection thereto.

2d. Because the Court erred in refusing to permit defendant to prove that plaintiff had departed from his general plan of loaning, and not giving property to his children, by not allowing him to prove that he had given to defendant, and Thomas N. Mims land: and in holding said testimony to be irrelevant.

3d. Because the Court permitted Mr. Gresham, the attorney for plaintiff, who concluded the argument before the jury, to refer to and comment upon facts and circumstances not in evidence, and in not interposing until called upon by defendant's counsel to do so.

4th. Because the jury found contrary to law and equity.

5th. Because the verdict is directly and strongly against the weight of evidence.

6th. Because the verdict is without evidence to support it

7th. Because the verdict is of such a character as to show that it was the result of undue influence, and the offspring of passion and prejudice.

8th. Because the Court erred in admitting the answer of Charles W. Mims to the second direct interrogatory, and in overruling plaintiff's objection thereto, on the ground that it was only the inference of the witness from certain irrelevant facts therein stated.

9th. Because the Court erred in ruling out the answer of Charles W. Mims to the third cross interrogatory, that "when he (witness) was moving to Washington, he asked his father to loan him his wagon to move his negroes to Howard's station; that his father replied that he would, but that he, witness, had better take them to Macon.   Witness replied, no, it was too far to take them through the cold, Howard's station was nearer; and the wagon took them to Howard's; father set up no claim to the negroes, and never said they were not his, witness's, negroes."

The Court refused the motion for a new trial, upon each and all the grounds therein set forth; and to which decision defendant excepted.

HALL, RUTHERFORD, and POWERS, for plaintiff in error.

GRESHAM, and NISBETS, *contra*.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1 and 2.] We see no error in refusing a new trial on the first and second grounds in the motion.   If it be proven that the general plan of a parent is to loan, and not give slaves to his children when they marry or settle in life, it tends to rebut the presumption of a gift, arising from the fact, that certain negroes were permited to go into the possession of a daughter upon her intermarriage, or at some subsequent

time.   Here it is not pretended that a formal gift was made
of the negroes.

Not allowing parol proof to be made, that he had given
*land* to two of his sons, does not rebut the proof as to the
*slaves*.   Besides, the record shows that the title to the real
estate is now in litigation.

[3.] We do not know that more need be said, as to the
proper conduct of counsel in arguing causes.   We find it dif-
ficult to confine them to the record in this Court, and it is
more difficult we doubt not in the Court below.   For there,
it is not always agreed as to what has or has not been pro-
ven; there may be an honest mistake as to that, while
here it is a matter of record, about which there need be no
misapprehension.   To depart from the testimony, much
more, voluntarily to pervert or misrepresent or add to it, is a
great wrong; and to say nothing worse, it leads to those un-
seemly altercations which so seriously disturb the decorum
and dignity of Courts.   For myself, I envy not the suc-
cess of those who achieve their triumphs in this way.   I in-
tend this as a general remark, and not for the counsel in this
case.

4th, 5th, 6th, 7th.   These four grounds may be consid-
ered and disposed of together.   If the title by which Lock-
ett held these slaves is a loan, and not a gift, then the verdict
is not contrary to law; otherwise it is.   For myself, I am
free to admit, that in my judgment, the weight of the proof
is against the verdict, and yet not perhaps so strongly and
decidedly so, as to compel this Court to control the discretion
of the Circuit Judge, in refusing a new trial.

8th.   The witness, Chas W. Mims, begins his statement,
by saying, " It was my understanding," &c.   It is obvious
from what follows, that he is testifying as to his knowledge
or recollection of the facts and circumstances which attend-
ed the transfer of the possession of the slaves from his fath-
er to his brother-in-law.   He does not intend to recite what

he had heard or learned from others. It is the common mode of expression in use in the country.

9th. As to the 9th, and last exception, to the decision of the Court ruling out the evidence of Charles W. Mims, as to what was said and *not said*, by his father and himself, when he was about removing certain slaves, it amounts to nothing; and was properly excluded on the ground of immateriality. It was equally consistent with the idea of a loan or a gift.

Judgment affirmed.

McDONALD, J. absent.