### MORRIS & COMPANY *v.* MADDOX *et al.*

1. It being within the scope of the legitimate business of a mercantile partnership to raise money by making and negotiating promissory notes, a member thereof has the power to exchange a promissory note of the partnership for the promissory note of another of like amount, the proceeds of which are intended for use in carrying on the partnership business.
2. Where a case turned largely upon a material issue of fact concerning which the parties were seriously at variance, and there

was present at the trial a witness who manifestly had full knowledge as to the truth of this issue and who had been sworn at the instance of the plaintiffs but not examined, it was grossly improper for the plaintiffs' counsel, in the concluding argument of the case, to state to the jury that it was unnecessary to examine this witness because, if he had been examined, he would have sworn to certain things, the counsel at the same time undertaking to inform the jury what the testimony of the witness would have been, and it being apparent that such testimony, if true, would have been fatal to the defendant's case.

3. In the present case, it being one in which not only an issue of the nature above indicated but other issues of considerable importance were closely contested, the misconduct of plaintiffs' counsel was cause for a mistrial; and although the judge rebuked the counsel and instructed the jury to disregard his improper statements, this was not, in this instance, a sufficient correction of the injury done to the defendant, and consequently it was error to overrule the latter's motion for a mistrial, the same having been made with reasonable promptness.

4. Other than as stated in the preceding note, there was no error requiring a reversal of the judgment below.

December 2, 1895.

Complaint on note. Before Judge Van Epps. City court of Atlanta. March term, 1895.

J. J. & J. E. Maddox sued E. S. Morris & Co., a partnership composed of E. S. Morris and N. W. Murphey, upon a promissory note for $639,50, dated June 2, 1893, due thirty days after date, signed "E. S. Morris & Co.," the consideration therein expressed being "value received." Morris pleaded, that at the time of the execution of the note the firm of E. S. Morris & Co. had been out of business six or seven months, had ceased to buy and sell, and no longer had an office. The note was given by Murphey without the knowledge and consent of Morris, and has never been ratified by him. Neither he nor the said firm realized any benefit therefrom. Murphey had no right to bind the firm by the note. It was wholly without the scope of the partnership business while it was operating, and outside his authority after its dissolution. Further, there is no consideration moving the firm in said note. It was given by

Murphey as accommodation paper, without the knowledge or consent of Morris and without authority express or implied.   Murphey procured a note of similar amount from plaintiffs to the Atlanta Provision & Commission Co., and exchanged therefor the note sued on; and the name of E. S. Morris & Co. was used fraudulently.   All the facts pleaded were well known to plaintiffs.

The verdict was in favor of the plaintiffs, and defendants' motion for a new trial was overruled.   The motion contains the following, beside the general grounds:

Defendants contended, among other things, that the evidence showed that, before the note sued on was taken, the firm of E. S. Morris & Co. was dissolved as such, and organized into the corporation known as the Atlanta Provision & Commission Co.;   and that the plaintiffs knew of the dissolution, or of facts that would put them on notice of a lack of authority in Murphey to bind the firm.   The refusal of the court to give the following instructions in charge, as requested, is assigned as error:   (a) "If the note in suit was exchanged by the firm for value, the defendant is liable; but if given in exchange for another note, as matter of mutual accommodation and no value passing to either maker, then the paper would be an accommodation paper and the defendant firm would not be liable, unless it is shown that both members of the firm knew and authorized its execution, or that the money or value received therefrom went to the credit of the firm, or that the firm, after knowledge of the execution of said paper, in some way ratified it."   (b) "The organization of an existing partnership into a corporation is strong evidence of the dissolution of the partnership, but not absolute proof."   (c) "Where one knows of certain conditions agreed to work a dissolution of a partnership on their happening, he is put on inquiry, and should inform himself as to the happening of the conditions before he advances

v 97-37

credit to the firm." (d) "Intimacy between the partners of thé two firms is a circumstance to be considered on the question of knowledge." (e) "If the continuing partners have adopted a firm name so widely different from the former firm as to show a change therein or thereof, it is sufficient notice of the change to persons seeking to hold them upon contracts entered into under the new name, or to persons knowing of the change seeking to hold them upon contracts entered into under the old name."

The court charged: "In reference to a contention raised by one of these pleas, the court will undertake to dispose of it as matter of law, to wit, the contention of the defendants that the note mentioned in the declaration was an accommodation paper simply. The undisputed evidence is that Murphey, assuming to act for E. S. Morris & Co., signed this note and delivered it to J. J. & J. E. Maddox, and that he received as a consideration for it a negotiable bill of J. J. & J. E. Maddox payable to the order of E. S. Morris & Co. I charge, as matter of law, that was a good and valuable consideration for the note in suit, and that it takes it out of the class of papers denominated accommodation papers. Our law declares (section 2741 of the code): 'A valuable consideration is founded on money or something convertible to money, or having a value in money.' The negotiable bill of J. J. & J. E. Maddox, given as a consideration for the note in suit, was just as valuable consideration in law as if J. J. & J. E. Maddox had handed over the thumbnails so much of the coin of the realm for the note in suit; and so far as the contention raised is concerned, that the giving of that kind of a paper under the circumstances developed in evidence here was outside the scope of the general authority of Murphey as a member of the firm of E. S. Morris & Co., I charge you to the contrary. It was entirely within the authority of Mr. Murphey, as the financial partner of the firm of E. S. Morris & Co., to provide funds to use in its business. The evidence is undisputed that he

was the financial agent of that firm; that indeed he was left almost exclusively to conduct its mercantile operations. He might, as such financial partner, borrow in the name of his firm, and for the use of his firm, either the coin of another or the credit of another to be used in getting money from a third person.    The giving in exchange for the negotiable bill of J. J. & J. E. Maddox a note of his firm, does not alter the transaction.    It was within the general scope of his authority, and the firm of E. S. Morris & Company is bound upon this paper unless loosed because of other doctrines of the law now to be charged."    Alleged to be error, because, as defendants insist, the paper sued on did not have a good and valuable consideration; the evidence showed it to be an accommodation paper; and the evidence was disputed as to the authority of Murphey to provide funds.    Morris testified that Murphey had no such authority, and he denied that Murphey was the financial agent of that firm.    It is untrue that the evidence was undisputed that Murphey was left almost exclusively to conduct the mercantile operations of his firm; such was the contention of plaintiffs, but by the pleading of defendants this very power was put in issue, and the evidence of defendants tended altogether to dispute the facts the court charged as undisputed.    It was for the jury to decide whether any particular act was within the scope of Murphey's authority.

The court charged:    "If Murphey was at that time a member of the firm of E. S. Morris & Co. by virtue of the fact that it had never been dissolved, or not effectually dissolved as to the plaintiffs, the delivery of the note to Murphey was a delivery to the firm; and if Murphey endorsed it in the firm name E. S. Morris & Co., and transferred and delivered it to the Atlanta Provision and Commission Company, the presumption of law is (in the absence of evidence to the contrary) that the Atlanta Provision and Commission Company paid him full value for it, and therefore the money, the avails of the note, are charged by law

(in the absence of evidence to the contrary) to be as effectually in the hands of E. S. Morris & Co. as the note itself was when delivered to them by the plaintiffs." Error, because there was no presumption of law that the avails of the note were in the hands of E. S. Morris & Co.

Murphey was sworn in the presence of the jury as a witness for the plaintiffs, but was not introduced. Counsel for defendants commented on this fact in argument. W. C. Glenn, in concluding the case for the plaintiffs, argued in reply, that it was unnecessary for plaintiffs to examine Mr. Murphey, because if he had been examined he would have sworn that he was authorized to sign the note sued on. The issue made by the pleading and the evidence shows that this was a very material point and much contested. Counsel for defendants at once objected to said argument. The court held it improper and so informed Mr. Glenn, rebuking his argument as improper, who acquiesced in the ruling. The court also said to the jury, they could indulge in no conjecture as to what Murphey would swear, but must try the case on the evidence admitted. As soon as argument was finished, counsel for defendants requested the withdrawal of the jury, and in their absence moved that the court order a mistrial. The court overruled the motion, and proceeded to charge the jury. He endeavored to control the question by charging that the jury should pay no attention to the argument of Mr. Glenn so far as above set out.

*Mayson & Hill*, for plaintiffs in error.
*C. D. Maddox* and *Glenn & Rountree*, contra.

LUMPKIN, Justice.

1. It is well known that every mercantile partnership needs cash in the conduct of its business. Without money such a concern could not transact business at all, and it *is* perfectly obvious that the necessity of borrowing must frequently arise. It follows that a member of such a part-

nership has, generally, the right to contract, in the partnership name, for a loan of money. It is usual in such a case to give a promissory note, and the partner conducting the transaction has the authority to sign the name of the firm to such note. Very often security is required; and in that case, it would be perfectly legitimate and proper for such partner to procure another to sign the note as surety. If the surety required an indemnity, the name of the partnership could, for the accomplishment of this purpose, be lawfully signed to the proper instrument by the partner who induced the surety to sign the note. These propositions seem clear and indisputable, and they lead to the conclusion that a member of a partnership has the power to exchange a promissory note of the partnership for the promissory note of another of like amount, the proceeds of which are intended for use in carrying on the partnership business. Each becomes an accommodation maker for the benefit of the other. The act of one is the consideration for the act of the other; and the net result, so far as the partnership is concerned, is that it obtains money for use in its business upon the paper of another person, and in return indemnifies that person against loss; or, what is equivalent to the same thing, extends to him an accommodation of the same kind it procured at his hands.

2. The misconduct of the plaintiffs' counsel, as outlined in the second head-note, was wholly inexcusable. This is apparent without discussion.

3. This being a closely contested case upon the facts, a mere rebuke of the counsel by the judge, and an instruction to the jury to disregard counsel's improper statements, was not, in this instance, a sufficient correction of the injury done to the defendant. The latter's counsel pursued the course which this court, in *Metropolitan Street Railroad Co.* v. *Johnson*, 90 *Ga.* 501, decided was the proper one under such circumstances, viz: he promptly objected to the remarks made by the plaintiffs' counsel, and moved that a

mistrial be declared. See, also, *Robinson v. Stevens*, 93 *Ga.* 539, citing the *Johnson* case, *supra*, and again holding that, under such circumstances, "the proper course was to move that the case be withdrawn from the jury and a mistrial be declared; and if the court refused to grant this request, the refusal would be subject-matter for review by this court." The case in hand affords an instance in which the motion for a mistrial ought to have been granted.

4. It is unnecessary to deal specifically with other questions presented in the record. Except as above indicated, there was no error requiring a new trial.

*Judgment reversed.*