*J. J. Bull & Son,* for plaintiff in error.

*Jule Felton, solicitor-general,* contra.

---

### 15370.  WELLS *v.* THE STATE.

The refusal to declare a mistrial because of the improper statements of one of the prosecuting attorneys in his argument to the jury was, under the facts of this case, error requiring the grant of a new trial.

DECIDED APRIL 16, 1924.

Indictment for assault with intent to murder; from Coffee superior court—Judge Summerall.  December 29, 1923.

*Dickerson & Kelley, Casey Thigpen,* for plaintiff in error. .

*A. B. Spence, solicitor-general, J. N. McDonald,* contra.

LUKE, J.  The accused, a female, was on trial for assault with intent to murder.  Her character was not in issue.  It incidentally appears from uncontradicted testimony that she was married, though not living with her husband at the time of the alleged transaction.  During the concluding argument an attorney employed by the prosecutrix declared to the jury, "You should convict the little wench," and, in reply to a motion by defendant's counsel for a mistrial, he added:  "I base the fact that she is a wench on the fact that she has got no husband and that she has got a baby."  Defendant's counsel then duly moved for a mistrial because of both of such statements of the special counsel for the prosecution.  The court overruled the motion, saying:  "I will instruct the jury not to consider the argument of counsel to the defendant's character, and I will overrule the motion for mistrial."  This ruling is assigned as error in defendant's motion for a new trial.  Civil Code (1910), § 4957; *Morris* v. *Maddox,* 97 *Ga.* 575 (2) (25 S. E. 487); *Hudson* v. *State,* 101 *Ga.* 520 (3) (28 S. E. 1010); *Ivey* v. *State,* 113 *Ga.* 1062 (2) (39 S. E. 423); *Butler* v. *State,* 142 *Ga.* 286 (11) (82 S. E. 654); *Smoot* v. *State,* 146 *Ga.* 76 (1) (90 S. E. 715).  The argument of counsel was not authorized by the evidence, and the court failed in its charge to instruct the jury not to consider it.

Other grounds of the motion for a new trial, if meritorious, are not such as will likely recur upon another trial of the case.

*Judgment reversed.  Broyles, C. J., and Bloodworth, J., concur.*