### 17351.  SOUTHERN RAILWAY COMPANY *v.* GENTLE.

Refusal to declare a mistrial because of the improper argument of counsel was harmful error.

DECIDED OCTOBER 5, 1926.

Action for damages; from Hall superior court—Judge J. B. Jones. March 20, 1926.

*J. O. Adams, Ed. Quillian, O. J. Lilly, A. C. Wheeler,* for plaintiff in error.

*Hoke Smith, B. P. Gaillard Jr., F. M. Bird,* contra.

BROYLES, C. J.  Gentle obtained a substantial verdict for personal injuries against the Southern Railway Company. The defendant's motion for a new trial was overruled, and to this judgment it excepted. One of the grounds of the motion was as follows: "Upon the trial of the case brought by H. S. Gentle *vs.* Southern Railway Company, upon which a verdict and judgment was rendered in favor of the plaintiff, H. S. Gentle, and against the defendant, Southern Railway Company, now movant, the court erred in the following particulars: Hon. B. P. Gaillard, of counsel for plaintiff, in his argument to the jury, in referring to what is known as the safety-appliance act, used the following language: 'Gentlemen of the jury, this is one of the wisest and most beneficent laws ever passed by Congress, or any other legislative body. Oh! the railroads fought it, of course they did, as they always have and always will, wherever money is on one side and human life and safety is on the other, or where an ancient wrong is pro-

---

Trial, 38 Cyc. p. 1500, n. 31; p. 1506, n. 75.

posed to be overthrown.' Counsel for movant objected to the use of this language in the argument of counsel for plaintiff, on the ground that there was no evidence in the record concerning railroads fighting this legislation, that it was highly prejudicial to the rights of the defendant in this case and could not in any wise illustrate the issues involved, and the court was requested to declare a mistrial and withdraw the case from the consideration of the jury. Counsel for plaintiff then stated: ' Gentlemen, I withdraw the statement. . I am sorry I made it.' The court stated: 'The statement has been withdrawn by counsel. Of course, gentlemen, you will be governed by the evidence and will not consider anything outside. The motion for mistrial is overruled.' The court did not interpose and prevent this argument, and did not rebuke the same, and did not instruct the jury that it was improper, and did not, either in the charge or otherwise, make any reference to the incident, other than as above quoted. Counsel making the argument is a man of high character and standing in the community and at the bar. The argument was addressed to a jury with whom he was well acquainted and whose confidence and respect he enjoyed. Movant insists that the court erred in the following particulars: (*a*) The statements made by counsel for plaintiff were and are of an inflammable character, calculated to, and doubtless did, engender in the minds of the jury a feeling of prejudice and resentment toward the defendant, Southern Railway Company, were grossly improper, not germane to any issue in the case, wholly outside of the record, and the court should have interposed and prevented the same, upon objection being made thereto should have rebuked the same, and instructed the jury that it was improper, and cautioned them against being influenced thereby. (*b*) The language so used by counsel for plaintiff was of such an inflammable nature, and calculated to engender such a feeling of resentment and prejudice in . the minds of the jury against the defendant, and were so grossly improper, wholly outside of the record and foreign to any issue in the case, that what happened was wholly insufficient to eradicate the prejudicial effect from the minds of the jury, who, no doubt, by this language, had been inflamed to such an extent as to render them incapable of giving to the defendant a fair and impartial trial, and the court should have withdrawn the case from the jury and declared a mistrial."

It is clearly apparent that the language complained of was highly improper and exceedingly prejudicial to the defendant. Under the evidence submitted it was a close question as to whether the plaintiff was entitled to recover, and the withdrawal of the objectionable language by counsel and the statement of the judge in reference thereto were not "a sufficient correction of the injury done to the defendant, and consequently it was error to overrule the latter's motion for a mistrial." See, in this connection, *Morris* v. *Maddox,* 97 *Ga.* 575 (2, 3) (25 S. E. 487).

In the instant case the language used was so calculated to prejudice the jury against all railroad companies, including the defendant, that it is extremely doubtful if its injurious effects could have been cured by any rebuke of the court or by any instructions to the jury. A mistrial was the only remedy.

No other reversible error appears.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., not participating, on account of illness.*