23149.   VEAZEY *et al.*, receivers, *v.* GLOVER.

DECIDED NOVEMBER 11, 1933.

*E. B. Dunlap, Wheeler & Kenyon,* for plaintiffs in error.

*J. B. Jones, Joseph H. Blackshear,* contra.

GUERRY, J. Glover brought suit against Veazey et al., receivers of the Gainesville Midland Railway, for personal injuries received as the result of a collision between a freight-car being operated on the said railroad and an automobile in which Glover was riding. The injury occurred at the intersection of Church street, in Gainesville, Georgia, with the railroad tracks. The trial resulted in a verdict for the plaintiff in the sum of ten thousand dollars. It will only be necessary to discuss the ruling in the first headnote. It is complained in the motion for a new trial that Judge J. B. Jones, of counsel for plaintiff, in the concluding argument to the jury, said: "They make a great big hullabaloo about this thing, but what difference does it make? Even when we get a judgment we very likely wouldn't be able to collect anything—the blamed thing is in the hands of the receivers now, and you can't levy on anything that its got and can't collect a cent even if we got a judgment." Counsel for the defendant then and there objected to this language as being improper and prejudicial to defendant, and moved the court to declare a mistrial. The court then said: "I instruct the jury now that as to whether or not this road is in the hands of the receiver, and any remark by Judge Jones in regard to the collection of any judgment you might render, that you will entirely disregard, as under our rules of practice it makes no difference whether or not the railroad is in the hands of the receiver; and you will disregard any such remarks made by counsel in that respect, and you will not allow that to influence you in any way whatsoever in arriving at a true and just verdict in this case; and the motion for mistrial is overruled." Movant insists, that Judge Jones, having been for sixteen years judge of the court in which the case was tried, stood high at the bar and was arguing to a jury of men who held him in high esteem; that there was no evidence in the case to the effect that the plaintiff could not collect anything if and when he got a judgment, and the right of the plaintiff to recover did not depend on whether the defendant was solvent or insolvent; that the language used was suggestive of the fact that the plaintiff, if a judgment was rendered in his favor, would have to take a percentage of the amount given, and was calculated to cause the jury to give a larger amount than it possibly would otherwise render, in order to

compensate plaintiff for the expected reductions to be paid because of the insolvency of the defendants; that because of such statement the jury did not reduce the size of the verdict under the theory of comparative negligence between the plaintiff and defendant, as they otherwise would have done. They further contend that the instructions given by the court did not rebuke the counsel, and that the judge did not elsewhere in his charge refer to the same so as to remove the improper impression, and that the effect thereof, by reason of the prominence of counsel, was not eradicated from the minds of the jury, and that it was error to overrule the motion for a new trial. No hard and fast rule may be laid down as to when improper remarks of counsel in the trial of a case are or are not sufficiently cured by instruction of the court to the jury to refuse to consider them. Each case must be decided on its own facts. Judge Lumpkin, in *Berry* v. *State,* 10 *Ga.* 511, 522, and Judge Nisbet, in *Mitchum* v. *State,* 11 *Ga.* 615, 630, rendered opinions which are classics in their discussion of the right and duty of counsel, in their freedom of speech, in representing their clients and presenting their cause. Counsel may, "under the inspiration of excited genius, give vent to their glowing conceptions in thoughts that breathe and words that burn, but let nothing tempt them to pervert the testimony, or surreptitiously array before the jury facts which, whether true or not, have not been proven." Judge Nisbet said: "That rule is that it is contrary to law for counsel to comment upon facts not proven." Again he said: "An essential element in a trial by jury is that their verdict shall be rendered according to the facts of the case legally presented to them." It is unquestionably true that the statements made by counsel in the present case were harmful and prejudicial. Did the instruction immediately given by the court so remove their harmful effect as that the jury was not influenced thereby? Our courts have, in deciding cases of this kind, been stricter, when the case was close on the facts presented, in holding that the effect of harmful remarks have not been removed, taking into consideration the charge of the court as a whole and the statement of the trial court in reference thereto, than when the facts were not close. Lumpkin, J., in the case of *Morris* v. *Maddox,* 97 *Ga.* 575, 581 (25 S. E. 487), said: "This being a closely contested case upon the facts, a mere rebuke of the counsel by the trial judge, and an instruction to the jury to disre-

gard counsel's improper statements, were not, in this instance, a sufficient correction of the injury done the defendant. The case in hand affords an instance in which the motion for mistrial ought to have been granted." In the case of *Smoot* v. *State,* 146 *Ga.* 76, 80 (90 S. E. 715), it was said: "It is not erroneous to refuse to grant a mistrial on account of improper remarks by counsel, *if it is certain* [italics ours] that no injury could have resulted to the accused. *Lee* v. *State,* 116 *Ga.* 563 (42 S. E. 759). But if it *can reasonably be inferred* [italics ours] that the jury was thereby in any way unfavorably affected against the accused, a mistrial should be ordered, or a new trial granted. In the interest of fair trials, it should clearly appear that there was no probability of injury to the accused likely to result from the misconduct." See, in this connection, *Augusta & Summerville R. Co.* v. *Randall,* 85 *Ga.* 297, 320 (6) (11 S. E. 706). In *Sou'hern Ry. Co.* v. *Gentle,* 36 *Ga. App.* 11 (135 S. E. 105), Broyles, C. J., said: "Counsel for plaintiff, in his argument to the jury, used this language, 'Gentlemen of the jury, this is one of the wisest and most beneficent laws ever passed by Congress, or other legislative body. Oh, the railroads fought it, of course they did, as they always have and always will, whenever money is on one side and human life and safety is on the other, or where an ancient wrong is proposed to be overthrown.' Upon objection and motion for mistrial, counsel for plaintiff then stated: 'Gentlemen, I withdraw the statement. I am sorry I made it.' The court stated, 'The remark has been withdrawn by counsel. Of course, gentlemen, you will be governed by the evidence and will not consider anything outside of it. Motion for mistrial overruled.' The court did not rebuke the same and did not instruct the jury that it was improper. . . Counsel making the argument is a man of high character and standing in the community and at the bar. The remark was addressed to a jury with whom he was well acquainted and whose confidence and respect he enjoyed." Judge Broyles very strongly criticised the language, stating that it was "grossly improper, wholly outside the record and foreign to any issue in the case, and that what happened was wholly insufficient to eradicate the prejudicial effect from the minds of the jury. Judge Broyles referred also to the fact that this was a "close case on its facts." See also *Pelham & Havana R. Co.* v. *Elliott,* 11 *Ga. App.* 621 (75 S. E. 1062).

Every issue in the case at bar was closely contested, and while we would not set aside the verdict on this ground, we feel that it can reasonably be inferred that the remarks made, although the court instructed the jury not to consider them, were sufficient to create a prejudicial slant against the defendant, especially as to the amount of the verdict, and for that reason it was error for the court to refuse the motion for new trial, based on the overruling of the motion for mistrial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*