26637. SOUTHERN RAILWAY COMPANY *v.* BLACK.

DECIDED MARCH 18, 1938.

*E. J. Kimsey, McMillan & McMillan, Wheeler & Kenyon,* for plaintiff in error.

*Sam Kimzey,* contra.

MACINTYRE, J. R. P. Black sued the Southern Railway Company for a tort arising out of a breach of a contract of carriage for the shipment of a carload of apples from Cornelia, Georgia, to Jacksonville, Florida. The petition alleged the delivery of the car-load of apples for shipment, and in one count alleged that because of the defendant's negligence in handling them they were damaged and their market value totally destroyed. In another count, only partial destruction was alleged. Upon the trial of the case the jury returned a verdict for the plaintiff, and the defendant's motion for new trial on the general grounds and several special grounds, which sufficiently appear from the following rulings, was overruled and the defendant excepted.

■ The filing of a notice of claim with the defendant, the day after the arrival of the apples, designating the car number, the day of its arrival, stating that the shipment arrived in damaged condition caused by the negligence and improper service of the defendant connecting carrier, describing in detail the nature of the damage, giving the names of the employees of the defendant who inspected the car, although not setting out any specific sum

claimed as damages, is a substantial and sufficient compliance with the provisions of the bill of lading, issued since the amendment of April 23, 1933, to U. S. C. A. tit. 49, § 20, par. 11.

■ The court correctly refused to admit in evidence a bill of sale executed by the plaintiff to the Cornelia Bank and Orchard Supply Company to secure an indebtedness to the bank, and conveying as security therefor the crop of apples of which the car in question was a part. *Black* v. *Southern Ry. Co.*, 48 *Ga. App.* 445 (173 S. E. 199).

■ The court did not err in admitting in evidence the "sales record" of the plaintiff's commission merchant showing that the car-load of apples in question was sold over a period of time from July 27, 1931, to September 30, 1931, the amount of such sales, the items of expense in the handling of the apples, including freight, and the net profit to the plaintiff; nor did the court err in admitting in evidence the testimony of certain witnesses relating to the same matters, as against the objection that such evidence was immaterial, irrelevant, and did not illustrate the market value of the apples at the time and place of delivery; this for the reason that in a previous appearance of this case in this court (*Southern Ry. Co.* v. *Black*, 53 *Ga. App.* 701, 186 S. E. 779), it was held that such evidence would have authorized a finding in favor of the plaintiff; and, right or wrong, this is the law of the case and is controlling on the question raised.

■ The "sales record" above described was identified by the witness who made the same, and such witness testified as to his personal knowledge of the items and transactions mentioned therein. Under the circumstances the court did not err in admitting the same in evidence over the objection that the record was hearsay evidence.

■ Counsel for the plaintiff, who was held in high esteem, and was a man of great influence in the county where the case was tried and with the jurors sitting in said case, made the following statement in his closing argument to the jury: "The Southern Railway Company has plenty of money to hire lawyers to defend a case, they bring Ernest Kimsey up here from Cornelia, Mr. Kenyon from Gainesville, Mr. Robert McMillan Sr., and Mr. Robbert McMillan Jr., and they will not pay Mr. Black for his damaged apples, and they have plenty of money to pay off the dam-

ages." Such statement was objected to as entirely improper and prejudicial and without foundation in the evidence, and a motion to declare a mistrial was made; whereupon the court stated, "The court holds it to be improper argument and should not be made." Counsel who made the statement apologized to the court, retracted his statement, and asked the jury not to consider it. In his charge to the jury the court instructed the jury not to consider the statement and not to be influenced by it in any manner. It is clearly apparent that the language complained of was highly improper and exceedingly prejudicial to the defendant. Under the evidence submitted it was an extremely close question as to whether the plaintiff was entitled to recover, and the withdrawal of the statement by counsel and the statement of the judge in reference thereto, in our opinion, was hardly sufficient to eradicate from the minds of the jury the injury already done the defendant; and consequently it was error for the court to overrule the defendant's motion for mistrial. See *Southern Ry. Co.* v. *Gentle,* 36 *Ga. App.* 11 (135 S. E. 105); *Veazey* v. *Glover,* 47 *Ga. App.* 826 (171 S. E. 732).

■ In the absence of a prayer for general damages, a charge of the court to the jury relating to general damages is error. *Sparks Milling Co.* v. *Western Union Telegraph Co.,* 9 *Ga. App.* 728 (2) (72 S. E. 179); *Bush* v. *Addison,* 40 *Ga. App.* 799 (3) (151 S. E. 526); *Wright* v. *Smith,* 128 *Ga.* 432 (57 S. E. 684); *Hadden* v. *Southern Messenger Service,* 135 *Ga.* 372 (69 S. E. 480).

■ The judgment being reversed on the rulings made in headnotes 5 and 6, it is unnecessary to pass on the questions relating to the alleged disqualification of two of the jurors, or on the general grounds of the motion for new trial.

*Judgment reversed. Broyles, C. J., concurs. Guerry, J., dissents.*