31850. UNITED MOTOR FREIGHT TERMINAL COMPANY INCORPORATED *et al. v.* HIXON.

DECIDED MARCH 18, 1948.

*Andrews & Nall, Walter G. Cooper,* for plaintiffs in error.

*Boykin & Boykin, Willis Smith,* contra.

PARKER, J. Mrs. Vassie Hixon sued United Motor Freight Terminal Co. Inc. and Cecil Lyle, the driver of its truck, and American Fidelity and Casualty Company for damages for injuries which the plaintiff allegedly sustained in a collision between a truck of the first named defendant and a car owned and driven by her. The casualty company was stricken as a party defendant. A verdict was returned for the plaintiff. The defendants made a motion for a new trial on the usual general grounds, and amended by adding seven special grounds. It was overruled and the defendants excepted.

■ Special ground 6 complains of the refusal to grant a mistrial, on the defendants' motion, because of improper remarks made by counsel for the plaintiff in his opening argument to the jury. It appears that Cecil Lyle was the only defendant residing in Carroll County where the case was tried, and counsel argued that it did not make any difference with Lyle what the verdict might be, as the company would pay it and he would have no part to pay. When the defendants moved for a mistrial because of the argument, counsel for the plaintiff stated again, in the presence of the jury, "I said I don't care nothing about Lyle in this case; this defendant company, if judgment is rendered here, will pay it, I guess, or they ought to take care of it." Thereupon the court said, "I don't think that is proper argument, Mr. Smith; you have sued them both; the question is, are they liable? If so, in what amount, and who you are going to collect it out of is no concern of the jury, and I do think it is improper and I instruct you not to argue that sort of thing. If you didn't want judgment against Lyle you should not have sued him. Gentlemen of the jury, that is what you are concerned with, what happened up there, whether there is any liability against these defendants, if so, how much, and that is all. I hope you will refrain from such statements. I overrule the motion." The language of the court in overruling the motion for mistrial was a very mild rebuke, if, indeed, it was a rebuke. We think that it was insufficient to remove the probable harmful effect of the

argument, which was clearly improper, and tended to prejudice the case against the nonresident defendant. On the subject of improper argument of counsel to the jury, see *Southern Ry. Co.* v. *Gentle,* 36 *Ga. App.* 11 (135 S. E. 105); *Veazey* v. *Glover,* 47 *Ga. App.* 826 (171 S. E. 732); *Brown* v. *Wilson,* 55 *Ga. App.* 262 (189 S. E. 860); *Atlanta Coca-Cola Bottling Co.* v. *Childers,* 60 *Ga. App.* 868 (5 S. E. 2d, 388); *Morris* v. *Maddox,* 97 *Ga.* 575 (25 S. E. 487); *Patton* v. *State,* 117 *Ga.* 230 (43 S. E. 533); *Styles* v. *State,* 129 *Ga.* 425 (59 S. E. 249); *Georgia Power Co.* v. *Puckett,* 181 *Ga.* 386 (182 S. E. 384); *Fitzgerald* v. *State,* 184 *Ga.* 19 (190 S. E. 602).

■ Special grounds 8 and 9 complain of the refusal of the court to grant two other motions for mistrial made by counsel for the defendants. Counsel for the plaintiff asked her while she was testifying in her own behalf if she had ever been in an accident before. The witness answered in the negative. Counsel for the defendants objected to the evidence, and moved to rule it out, and for a mistrial on the ground that it was irrelevant and prejudicial. The court overruled the motion for mistrial, holding that the evidence was inadmissible, but did not reprimand counsel. This is the substance of the alleged error in ground 8.

While the defendant, Cecil Lyle, was on the stand testifying, counsel for the plaintiff asked him whether a case had been made against him for reckless driving. Thereupon, and before the question was answered, the defendants moved for a mistrial, but did not ask that counsel be rebuked. The court refused the motion for mistrial by merely directing that the case proceed. This is set forth in ground 9.

The evidence referred to in ground 8 was inadmissible because it was irrelevant and immaterial, and the evidence elicited by the question complained of in ground 9 was likewise inadmissible. However, the introduction of inadmissible evidence, either on direct or on cross-examination, unless such evidence is so clearly and manifestly prejudicial and harmful that its ill effects cannot be removed by its exclusion, is not ground for a mistrial. We do not think that the rulings in either or both of these grounds, considered together, show reversible error. It may be that the court should have admonished counsel in some proper way, but

we cannot say that the evidence brought out or the question of counsel eliciting other inadmissible evidence, was harmful enough to justify the grant of a mistrial.

An excerpt from the charge is alleged in ground 10 to be an expression of opinion by the court respecting the evidence. The excerpt related to the alleged damages to the plaintiff's automobile. The language complained of may be criticised as not being perfectly clear, and it may be improved upon on another trial, but we do not think that it amounted to an expression of opinion.

The matters complained of in special grounds 4, 5, and 7 are not likely to happen upon another trial, and they are not passed upon.

We do not pass upon the general grounds of the motion, but for the reasons stated herein we think that the court erred in refusing to grant a new trial.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*