### 39043. JOHN J. WOODSIDE STORAGE COMPANY, INC., *et al.* v. REESE.

FRANKUM, Judge. James Louis Reese, hereinafter referred to as plaintiff, sued John J. Woodside Storage Company, Inc. and its insurance carrier, Transport Insurance Company, for damages on account of personal injuries he allegedly sustained in the collision referred to in the case of *Carr v. John J. Woodside Storage Co.*, 103 Ga. App. 858 (120 SE2d 907); reversed, 217 Ga. 438 (123 SE2d 261). The plaintiff was a guest passenger in the automobile involved in the collision. In the instant case the evidence adduced upon the trial was, in the main, substantially the same (except the evidence concerning the plaintiff's injuries) as in the *Carr* case, supra. The jury returned a verdict in favor of the plaintiff. The defendants filed a motion for a judgment notwithstanding the verdict and a motion for a new trial which contains the usual general grounds and several special grounds. The court denied each motion. The defendants appealed to this court assigning as error the denial of said motions. *Held*:

1. The court did not err in denying the defendants' motion for a judgment notwithstanding the verdict, because there were issues of fact which the jury alone could determine.

2. Special ground four of the motion for a new trial assigns as error a portion of the court's charge. However, when such portion of the charge is considered together with the entire charge, no error is shown. As stated by Justice Bleckley in *Brown v. Matthews*, 79 Ga. 1 (1) (4 SE 13): "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united."

3. As stated before, the evidence in the case sub judice is in substance the same as the evidence in the case of *Carr v. John J. Woodside Storage Co.*, 217 Ga. 438, supra, which held that the evidence was sufficient to authorize "the jury to find that the driver of the defendant Woodside's truck was operating it on a public highway while under the influence of an intoxicant at the time of the collision." Accordingly, that part of special ground five of the amended motion for a new trial,

which complains that there was no evidence to warrant a charge to the jury on the question as to whether the driver of the storage company's truck was under the influence of intoxicating liquors at the time of the collision, is without merit. Such charge was authorized by the pleadings and the evidence. *Carr v. John J. Woodside Storage Co.*, 217 Ga. 438, supra. After careful consideration, we are of the opinion that the remaining portion of special ground five, which complains that certain language in the charge of the court was misleading and confusing, does not show a reversible error for any of the reasons assigned.

4. The court charged upon the so-called doctrine of last clear chance. In *Carr v. John J. Woodside Storage Co.*, 103 Ga. App. 858, supra, the Court of Appeals held that a charge upon this subject was not applicable to the facts, and the plaintiff in that case, in his petition for certiorari to the Supreme Court, assigned this ruling as error. The Supreme Court (217 Ga. 438, supra, at p. 444), in reversing that case on one ground, viz., a requested charge on wilful and wanton negligence should have been given, stated: "The remaining grounds alleged in the application for the writ of certiorari have been carefully examined and we have reached the conclusion that they do not constitute any reason for reversing the judgment complained of. This being true, the judgment rendered by the Court of Appeals is reversed only for the reasons stated in the foregoing division of the opinion." As we understand the Supreme Court's ruling, the Court of Appeals decision stands unreversed except as to what was held concerning wilful and wanton negligence. Accordingly, the court erred in charging on the doctrine of last clear chance. *Carr v. John J. Woodside Storage Co.*, 103 Ga. App. 858, supra. See *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665 (88 SE2d 6).

5. In special ground 10 of the motion for a new trial movants contend that the judge, in charging the jury, misstated certain facts appearing in the evidence. It is obvious that any error in this respect was caused by a slip of the tongue, and since such is not likely to reoccur on a subsequent trial, it is not necessary to pass upon this ground of the motion.

6. Movants complain in special grounds 11 and 12 of the motion for a new trial that the court erred in overruling their motion

for a mistrial because of improper argument made by plaintiff's counsel during the closing argument to the jury. The facts recited in these special grounds, which were certified as true by the trial court, show that plaintiff's counsel stated in the closing argument to the jury "that the defendants had furnished Mr. Yelverton [a witness] transportation from Pensacola, Florida to Warrenton, Georgia when he testified in that case, and that the defendants could buy Mr. Hagler's airplane ticket to go to Pensacola for the taking of Mr. Yelverton's testimony. *He then asked the jury if the jury thought that the plaintiff could buy his airplane ticket"* (emphasis ours); that "the defendants should have brought Mr. Roy Yelverton from Pensacola to Thomson so that he could testify in person and be seen by the jury. He stated that he would like for the jury to see this witness who by his own admission testified this accident and death of one of the occupants of the car amounted to no more than a 'hill of beans' to him"; that "Mr. Yelverton was brought from Pensacola to Warrenton to testify in a companion case, but that defendants had not brought him to Thomson to testify in this case"; and that "it would not have cost the defendants any more to bring Mr. Yelverton to Thomson, than it cost them for Mr. Hagler, one of the attorneys for the defendants, to go to Pensacola to take his testimony."

In the heat of a hard-fought case it is sometimes difficult for an attorney not to overstep the bounds of proper argument. See *Veazey v. Glover,* 47 Ga. App. 826 (171 SE 732). However, the fact remains that the language employed by plaintiff's counsel likely impressed upon the minds of the jury that there was a great difference between the financial ability of the plaintiff and the defendants, and also the defendants' ability to pay damages. The argument was not based upon any issue in the case, and when brought to the surface of conscious thought, was prejudicial to the defendants. This type of argument was disapproved in *Southern Ry. Co. v. Black,* 57 Ga. App. 592 (196 SE 291). See also *Veazey v. Glover,* 47 Ga. App. 826, supra; *Code* § 81-1009. The instant case, like the *Black* case, supra, was a close case upon the question of liability of the storage company. The remarks of plaintiff's counsel were prejudicial so as to require a new trial.

7. Special grounds seven, eight, and nine of the motion for a new trial are without merit.

*Judgment reversed. Felton, C. J., Carlisle, P. J., Jordan, Hall, Eberhardt and Russell, JJ., concur. Nichols, P. J., and Bell, J., dissent.*

DECIDED MARCH 15, 1962—REHEARING DENIED
MARCH 29, 1962.

*Robert E. Knox, Gould B. Hagler, Fulcher, Fulcher, Hagler & Harper,* for plaintiffs in error.

*Randall Evans, Jr.,* contra.

NICHOLS, Presiding Judge, dissenting. 1. The trial court did not err in charging upon the doctrine of "last clear chance." When the case of *Carr v. John J. Woodside Storage Co.,* 103 Ga. App. 858, supra, was before this court it was held, with reference to the requested charge on the doctrine of "last clear chance," "Since the undisputed evidence in this case disclosed that the defendant's driver did not have knowledge of the perilous situation of the plaintiff's decedent until his vehicle was within six feet of the decedent's vehicle, and at which instant the collision occurred, the doctrine of last clear chance, as applied in Georgia was not applicable to the facts of this case and the trial court did not err in refusing to give the requested charge." When that decision was considered by the Supreme Court, after the grant of the writ of certiorari (217 Ga. 438, supra), it was held: "The evidence shows that no car was so closely following the truck which Smith was driving that it would have been dangerous for him to have avoided the collision by suddenly stopping. At the place of the collision Smith could have prevented the collision by a slight turn to his left." The driver of the defendant's truck testified in the present case that he was looking forward as he drove toward the intersection where the collision occurred and other witnesses testified that the truck was visible to them, they were parked on the road being traveled by the automobile in which the plaintiff was riding, for a distance of two hundred yards or more.

In order for the doctrine of "last clear chance" to apply it is not necessary that the defendant admit that he had the "last clear chance", "but it is sufficient if the facts proven authorize

such inference." While in order to authorize the jury to apply the doctrine it is necessary that the defendant have actual knowledge of the plaintiff's perilous situation (see *Bennett Drug Stores, Inc. v. Mosely,* 67 Ga. App. 347, 20 SE2d 208), yet under the evidence in the present case the jury would have been authorized to find that the defendant's driver had actual knowledge although he denied it.

While the case of *Carr v. John J. Woodside Storage Co.,* 103 Ga. App. 858, supra, arose out of the same transaction, the decision by this court in that case is not the law of the case, and under the construction placed on the evidence in that case by the Supreme Court as to wilful and wanton negligence the charge on the doctrine of "last clear chance" was applicable and the trial court did not err in charging thereon.

2. The defendants contend in Special ground 11 that the trial court erred in overruling their motion for mistrial after the plaintiff's attorney had in his argument, made a remark that would, in the opinion of the defendants, have raised a question as to the financial ability of the defendants to pay damages. However, since the trial court instructed the jury not to consider the financial ability of one side against the other and there is no contention that such instruction did not correct the alleged improper argument, the failure to grant the defendants' motion for mistrial does not show any reversible error.

3. Special ground 12 is also based on the failure of the trial court to grant a mistrial because of alleged improper argument of counsel for the plaintiff. The purported argument in such ground was based upon evidence in the record and was not improper.

For the foregoing reasons I must dissent from the divisions of the opinion herein dealt with and from the judgment of reversal.

I am authorized to say that Judge Bell concurs in this dissent.