42734.   AMERICAN OIL COMPANY v. McCLUSKEY et al.

DECIDED JUNE 14, 1968—REHEARING DENIED JULY 2, 1968—

124

*Edwards, Bentley, Awtry & Parker, A. Sidney Parker, Scott S. Edwards, Jr.*, for appellant.

*Mundy & Gammage, William W. Mundy, E. Lamar Gammage, Fullbright & Duffey*, for appellees.

EBERHARDT, Judge. Since there is one issue on which a majority of this court are agreed that there must be a reversal, and since there is likelihood that the deficiency in proof concerning the number of employees which the company had on the date of the incident will be supplied on another trial, bringing it within the ruling of the Supreme Court, we do not deal with other issues.

One of the errors enumerated is the overruling of defendant's motion for mistrial, the ground being that during the course of his argument to the jury plaintiff's counsel asserted: "The third element that you have to decide is, if there was an injury and if there is liability, then is there *ability to pay, and, if so, how much should this mother be compensated* for the death of this child? Now *there is no doubt in your mind and there is no doubt in my mind that there is ability to pay. In a lot of cases you have to worry about that.* You have to consider where the man works that has been sued, and, if he can pay, the judgment that you think will be fair. *In this case you don't because American Oil Company has assets untold,* and whatever you decide this twelve-year-old child . . ." (Emphasis supplied.)

At this point counsel for the defendant moved for a mistrial on account of the prejudicial remarks, wholly unsupported by any evidence in the case. The court overruled the motion, saying

"I caution you not to go into the matter before the jury, and I specifically instruct the jury to disregard that."

Counsel for the defendant renewed their motion for mistrial, and the court overruled it, saying "I admonish counsel not to touch upon that matter again in his argument."

This cautioning or admonishing of counsel and instruction to the jury was the extent of the court's effort to eliminate from the case the effect of the prejudicial argument. There was no rebuking or reprimanding of counsel.

This argument of plaintiff's counsel concerning the financial condition of the defendant went entirely beyond any possibility of correction by a mere admonition to the jury to disregard it or to counsel to refrain from further touching upon it. It was patently and grossly harmful. Nothing short of a declaration of a mistrial could erase the harm. What the court did was not enough.

As Mr. Justice Jackson observed in Krulewitch v. United States, 336 U. S. 440, 453 (69 SC 716, 93 LE 790), "The naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction." And dealing with this subject Judge Learned Hand asserted that a limiting instruction of this sort is a "recommendation to the jury of a mental gymnastic which is beyond, not only their powers, but anybody's else." Nash v. United States, 54 F2d 1006, 1007. "[I]t is indeed very hard to believe that a jury will, or for that matter can, in practice observe the admonition." United States v. Delli Paoli, 229 F2d 319, 321.

"The trial of cases is more than a mere contest between the parties. In all trials the State is interested that a fair trial may be had, in order that justice may be done." *Ga. Power Co. v. Puckett,* 181 Ga. 386 (1) (182 SE 384).

"The Constitution guarantees to every defendant a fair and impartial trial. Every litigant is entitled to the same right, and he does not get it where any influence except the law and the evidence is allowed to affect the minds of the jury. Hisses, cheers, demonstrations, *improper appeals, argument not warranted by the evidence,* and the like, all constitute an impairment of the right to a fair trial." *Patton v. State,* 117 Ga. 230,

238 (43 SE 533). Indeed, *Code* § 81-1009 provides that: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, *it is the duty of the court to interpose and prevent the same;* and, on objection made, he shall also rebuke the counsel . . . or . . . he may *order a mistrial if the plaintiff's attorney is the offender.*" (Emphasis supplied.)

While a party is not entitled to a perfect trial—a thing bordering on impossibility—he is entitled to a *fair* trial, which the courts can and should afford. Lutwak v. United States, 344 U. S. 604, 619 (73 SC 481, 97 LE 593); *Dowis v. McCurdy,* 109 Ga. App. 488, 497 (136 SE2d 389).

When arguments of this kind are made to the jury fairness is no longer possible, for prejudice calculated to drive fairness out has been substituted. In a similar situation where counsel argued that "The Southern Railway Company has plenty of money to hire lawyers to defend a case . . . and they have plenty of money to pay off the damages," and upon objection thereto counsel for the plaintiff apologized, retracted his statement, asked the jury to disregard it, and the court instructed the jury not to consider it or to be influenced by it in any manner, we reversed a verdict and judgment for the plaintiff, observing that "the language complained of was highly improper and exceedingly prejudicial to the defendant . . . and the withdrawal of the statement by counsel and the statement of the judge in reference thereto, in our opinion, was hardly sufficient to eradicate from the minds of the jury the injury already done the defendant; and consequently it was error for the court to overrule the defendant's motion for mistrial." *Southern R. Co. v. Black,* 57 Ga. App. 592, 593 (196 SE 291).

We reversed the denial of a mistrial in *John J. Woodside &c. Co. v. Reese,* 105 Ga. App. 602 (6) (125 SE2d 556) because "the language employed by plaintiff's counsel likely impressed upon the minds of the jury that there was a great difference between the financial ability of the plaintiff and the defendants, and also the *defendants' ability to pay damages.* The argument was not based upon any issue in the case, and when brought

to the surface of conscious thought, was prejudicial to the defendants." (Emphasis supplied.)

Cases further illustrating the point are *Morris v. Maddox,* 97 Ga. 575 (25 SE 487); *Patton v. State,* 117 Ga. 230 (43 SE 533); *Styles v. State,* 129 Ga. 425 (59 SE 249, 12 AC 176); *Fitzgerald v. State,* 184 Ga. 19 (190 SE 602); *Southern R. Co. v. Gentle,* 36 Ga. App. 11 (135 SE 105); *Veazey v. Glover,* 47 Ga. App. 826 (171 SE 732); *Brown v. Wilson,* 55 Ga. App. 262 (189 SE 860); *United Motor Freight &c. Co. v. Hixon,* 76 Ga. App. 653 (47 SE2d 171); *American Cas. Co. v. Seckinger,* 108 Ga. App. 262 (3) (132 SE2d 794); *Brown v. State,* 110 Ga. App. 401, 406 (138 SE2d 741), and cases there cited; *Usry v. Bostick,* 112 Ga. App. 76 (3) (143 SE2d 781), reversed because of our erroneous construction placed on the language there involved, *Bostick v. Usry,* 221 Ga. 647 (146 SE2d 882), and the many cases there cited.

Reliance on *McCoy v. Scarborough,* 73 Ga. App. 519 (37 SE2d 221) as authority for asking a contrary holding is misplaced. In that case plaintiff brought suit to recover $610 alleged to be due on a painting contract. There were no factors such as the unfortunate loss of a life from the mishandling of a pistol by a man who admitted that he had consumed several drinks of whiskey, as there were here. It is the accenting of these by grossly improper argument that inflames prejudices and may result in a wrongful or unjust verdict. In *McCoy* it was not difficult for the court to correct the matter by an admonition. The reverse is true here.

The principle has long been established in our law—as long as the courts have sought to see that litigants are afforded impartial trials to the end that justice may result. Soon after the Supreme Court was created the assertion was made that "For counsel to undertake by a side wind, to get that in as proof which is merely conjecture, and thus to work a prejudice in the mind of the jury, cannot be tolerated." *Berry v. State,* 10 Ga. 511, 522.

"We do not know that more need be said, as to the proper conduct of counsel in arguing causes . . . To depart from the testimony, much more, voluntarily to pervert or misrepresent or add to it, is a great wrong." *Lockett v. Mims,* 27 Ga. 207, 210.

*Judgment reversed and a new trial ordered. Felton, C. J., Bell, P. J., Jordan, P. J., Hall, Pannell, Deen and Whitman, JJ., concur. Quillian, J., dissents.*

QUILLIAN, Judge, dissenting. While I agree that the remarks made by plaintiff's counsel were improper, in my opinion the judge's corrective action in instructing the jury to disregard the argument objected to together with admonishing counsel not to touch upon the matter again was sufficient and thus the refusal to grant a mistrial was not a manifest abuse of discretion. "The trial court has a broad discretion in considering a motion for mistrial based on alleged improper arguments of counsel, and *its discretion will not be disturbed unless manifestly abused.* Where the court promptly instructed the jury to disregard the alleged improper remarks and rebuked the attorney making them, it was not error to refuse to grant the motion for a mistrial." (Emphasis supplied.) *McCoy v. Scarborough,* 73 Ga. App. 519 (5) (37 SE2d 221) and cases cited.

ON MOTION FOR REHEARING.

When this case was first heard in this court appellee moved to dismiss the appeal on the ground that the notice of appeal failed to indicate whether any transcript of the evidence was to be transmitted as a part of the record on appeal, as is provided by *Code Ann.* § 6-802, and upon the further ground that no complete copy of the record, together with the transcript of the evidence and proceedings, was transmitted by the clerk of the superior court to the Clerk of the Court of Appeals within the time specified by the statute for transmission thereof.

We denied the motion to dismiss, holding that failure to specify whether or not a transcript of the evidence is to be included in the record on appeal is not one of the grounds for dismissal listed in *Code Ann.* § 6-809, and which further provides that "No appeal shall be dismissed or its validity affected for any other cause." "The failure of the notice of appeal to recite whether or not the transcript of evidence and proceedings will be filed for inclusion in the record on appeal, as required by Section 20 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 32), as amended by Section 8 of the Act of 1966 (Ga. L. 1966, pp. 493, 499) is not cause for dismissal of the appeal."

*Noble v. State Hwy. Dept.,* 117 Ga. App. 33 (1) (159 SE2d 715). Accord: *Bradford v. Lindsey Chevrolet Co.,* 117 Ga. 781 (1) (161 SE2d 904).

Relative to the delay in transmission as a ground for dismissal, we held: "The certificate of the clerk of court states that: 'The transcript of evidence was filed August 25, 1966, and the delay in transmitting this transcript is due to the stress of business in this office.' Obviously, there was no delay in filing the transcript so as to bring [this case] under *Davis v. Davis,* 222 Ga. 579 (151 SE2d 123) or *Joiner v. State,* 223 Ga. 367 (155 SE2d 8). As stated in *Elliott v. Leathers,* 223 Ga. 497 (156 SE2d 440), the Constitution forbids dismissal of any case where the delay is attributable to the clerk of court rather than to counsel." *American Oil Co. v. McCluskey,* 116 Ga. App. 706, 708 (158 SE2d 431). We may observe that the notice of appeal was filed November 12, 1966, appealing both from the judgment on the verdict and from the judgment overruling an amended motion for new trial—the transcript of the evidence having been filed some two and a half months previously. Thus, even if *Davis v. Davis* and *Joiner v. State,* and others of like import are still viable there was in fact no delay in the filing of the transcript here and these cases could afford no basis for dismissal. See amendment to the Appellate Practice Act approved April 8, 1968 (Ga. L. 1968, p. 1072).

In her motion for rehearing in connection with our first judgment appellee took the same exceptions to the overruling of her motion to dismiss the appeal that she now seeks to urge in her present motion for rehearing. That motion was denied, and on certiorari the Supreme Court reversed this court, *but not on its refusal to dismiss the appeal.* We deem our denial of the motion to dismiss to be res judicata at this stage.

This, as well as all other grounds of the present motion for rehearing we find to be without merit.

*Motion denied.*