## 47808. CROSSLEY v. COLLINS.

PANNELL, Judge. Patrick David Collins, by his next friend, Edwin A. Collins, and Edwin A. Collins individually brought an action against Donald L. Crossley seeking recovery of damages allegedly sustained in an automobile collision between automobiles driven by Patrick David Collins and by Donald L. Crossley. Patrick David Collins sought recovery of lost earnings of $578.81, damages to his automobile $175, lost contact lens $50 and an estimated future medical and surgical expense of between $1,800 to $2,100; his prayer for damage, both special and general, totalling $101,800. Edwin A. Collins sued for recovery of hospital and medical expenses paid by him for his son. The jury returned a verdict in favor of the plaintiffs finding in favor of Edwin A. Collins the full amount sought by him and finding a general verdict in favor of Patrick David Collins in the amount of $55,000. The defendant appealed. *Held:*

1. Where in a civil action for damages against a defendant based on negligent conduct, there is at issue a question of whether defendant (a) failed to stop upon emerging from a private driveway, as required by Section 88 of the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess. pp. 556, 596; Code Ann. § 68-1666), and (b) whether, by not stopping, or after stopping, he then entered the intersecting street and thus failed to yield the right-of-way to plaintiff driving the oncoming vehicle, it is error ordinarily to admit evidence that a criminal charge was made against the defendant arising out of the matter at issue. *Smith v. Goodwin,* 103 Ga. App. 248 (119 SE2d

35). However, where, upon objection to such evidence the plaintiff withdraws the evidence and the court thereafter instructs the jury to disregard the evidence, any error in overruling a motion for mistrial then made is rendered harmless by the defendant's subsequent admissible testimony that he stated to a third party, possibly a prosecuting attorney, that he, defendant, was guilty of failing to yield the right-of-way on the occasion in question, but was not guilty of causing an accident.

2. This latter testimony by the defendant that he had admitted his guilt to another was admissible (*Roper v. Scott,* 77 Ga. App. 120 (48 SE2d 118); *Henderson v. Henderson,* 94 Ga. App. 64, 71 (93 SE2d 822)) and was not rendered inadmissible because the question which brought forth this response asked defendant if he told the district attorney "you pled" guilty to the charge of failure to yield the right-of-way but not to causing an accident, there being no objection that the answer was not responsive to the question, and the question only being objected to on the ground that a certified copy of the plea would be the highest and best evidence of a plea of guilty, and that the question sought to bring into evidence, indirectly, that defendant was charged with a criminal offense, when proof of such fact could not have been properly admitted directly.

3. "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." Code § 105-2015. The injury complained of, while it may have been "essentially cosmetic," that is, an almost severed ear, it involved painful and very uncomfortable repetitive plastic surgery, as well as permanent disfigurement, and we cannot say that a general verdict for the injured young man in the amount of $55,000 was excessive, in that the amount given was such as to

shock the moral sense to such an extent as to lead to the belief that the jury was actuated by undue or improper motives or influences. It may have been very generous but we cannot say it was excessive under the evidence. *Langran v. Hodges,* 60 Ga. App. 567, 572 (4 SE2d 489); *Fields v. Jackson,* 102 Ga. App. 117, 121 (115 SE2d 877); *Seaboard A. L. R. v. Miller,* 5 Ga. App. 402, 403 (63 SE 299).

4. The evidence was sufficient to authorize the verdicts found and no other error appearing, the judgments must be affirmed.

*Judgments affirmed. Stolz, J., concurs. Eberhardt, P. J., concurs specially.*

Argued January 12, 1973 — Decided April 2, 1973 — Rehearing denied April 25, 1973 — ■

*Neely, Freeman & Hawkins, Paul M. Hawkins,* for appellant.

*Heyman & Sizemore, Thomas Henry Nickerson,* for appellee.

Eberhardt, Presiding Judge, concurring specially. I am not in agreement with the holding in Divisions 1 and 2 of the opinion; I simply recognize that decisions of this court authorize it and that there is little possibility that an effort to overrule them would avail. If it did, Supreme Court decisions to the same effect and by which we are bound, would confront us. My view of the matter is set out in *Corvair Furniture Mfg. Co. v. Bull,* 125 Ga. App. 141, 148 (186 SE2d 559), and see *American Oil Co. v. McCluskey,* 118 Ga. App. 123 (162 SE2d 853), which was reversed, *McCluskey v. American Oil Co.,* 225 Ga. 63 (165 SE2d 830).