13448. GEORGIA RAILWAY AND POWER COMPANY *v.* TRIBBLE.

STEPHENS, J. 1. Where a petition in a suit for personal injuries alleges that the plaintiff " on approaching " a certain described crossing and " at and before he approached said crossing " did certain things, and was injured in a described manner because the automobile in which he was at the time being conveyed was run into by an approaching street-car belonging to the defendant, there is no fatal variance, and the plaintiff proves his case as laid, where the evidence is to the effect that the automobile was within 150 feet of the crossing when it was struck by the defendant's street-car, which continued to run, after hitting the plaintiff's automobile, until it reached the crossing.

2. An instruction to the jury a second time, at another place in the charge, after an instruction upon other matters had intervened, as to the plaintiff's right to recover a certain element of damages, as for diminished capacity to labor and earn money, can not be held to be an instruction that the jury would be authorized to find a double recovery for such damage.

3. In charging upon the plaintiff's right to recover for a diminished capacity to labor and earn money, where the court instructs the jury that it is a question for them to determine " what was the diminution of his capacity to labor and earn money," and, if they find that such capacity has been diminished, that the plaintiff " would not be entitled to recover the gross amount which he lost by reason of the injuries for a lifetime, but the amount would be reduced to the present cash value of such sum you find to be his gross loss by reason of this diminished power or capacity to labor, if you find that such exists," the court did not, either in the expression " which he lost by reason of the injuries for a lifetime," or in any other language therein, express an opinion that the plaintiff's diminution of capacity to labor and earn money was permanent and would continue for the remainder of the plaintiff's lifetime.  This last expression from the charge amounted to no more than a statement of the law applicable to a reduction to a cash valuation of whatever gross amount may be found as representing the plaintiff's permanent incapacity to labor.  See, in this connection, *Yarborough* v. *State*, 86 *Ga.* 396 (2) (12 S. E. 650).

4. The above-quoted language from the charge of the court clearly shows that the court instructed the jury that the extent of the plaintiff's diminution of capacity to labor and earn money was for them to determine, and the charge is not subject to the objection that the court nowhere instructed the jury that in " considering the question of alleged diminution of plaintiff's capacity to labor and earn money they should determine from the evidence the length of time said alleged diminution would continue."

5. The present cash value of an annuity of $1 for any given age, as $9,205 for the age 53 as laid down in the Carlisle mortality table (70 *Ga.* 847), is based upon an absolute and definite expectancy in life of a person of that age, which expectancy, according to the Carlisle table, is 18.97 years. This result, being calculated from a fixed age and a fixed expectancy, is of course absolutely fixed and mathematically determinable with fixed

accuracy; but since no particular individual of a certain age (as the plaintiff, who the evidence shows was at the time of the injury 53 years of age) has a fixed and definitely determined expectancy in life, the present cash value of $1 for a person of the plaintiff's age, when applied to the plaintiff himself, can not be determined to a fixed and mathematical certainty. The court therefore did not err in instructing the jury that, in using this table to ascertain the present cash value of an annuity of $1 as applied to the plaintiff, whether " that [the present cash value of an annuity of $1 as represented by the table for a person of a certain age] correctly represents the value or not is a matter for you to say. You can adopt this table, or you can increase or diminish the figures there shown, if you find the truth to be otherwise than as stated in the table."

6. It appearing from the evidence that the plaintiff received severe personal injuries which the jury were authorized to believe were permanent, and that the automobile in which he was being conveyed was badly wrecked, for all of which damages were asked, including damages for plaintiff's pain and suffering and the shock to the nervous system, etc., it can not as a matter of law be held by this court that the verdict for the plaintiff, of $3,350, was excessive, or that the trial judge abused his discretion in overruling the motion for a new trial upon this ground. While a verdict for the plaintiff in a certain sum is not necessarily predicated upon the negligence of the defendant alone, but may be reduced in proportion to the negligence of the plaintiff to that of the defendant, and while such a verdict so predicated may be excessive even when the amount found is below the actual and undisputed amount representing the damage suffered, this court, in determining whether or not the particular verdict rendered is excessive, is confined to an inquiry as to whether or not it is beyond what the jury could have found upon the defendant's negligence alone, where, as in this case, it is within the province of the jury to determine to what extent, if any, the plaintiff's negligence may have been a contributing cause to the injury.

7. The evidence supporting the verdict rendered for the plaintiff and no error of law appearing, the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J. and Bell, J., concur.*

DECIDED FEBRUARY 14, 1923.

Action for damages; from DeKalb superior court — Judge Hutcheson. February 11, 1922.

*Colquitt & Conyers,* for plaintiff in error.

*Bond Almand, Harwell, Fairman & Barrett,* contra.