32440.   ATLANTIC COAST LINE RAILROAD CO. *et al.*
v. BRAND.

DECIDED MAY 21, 1949. ADHERED TO ON REHEARING JULY 8, 1949.

Alexander, Vann & Lilly, S. Spencer Bennet, Thomas K. Vann Jr., for plaintiff in error.

Forester & Calhoun, for defendant.

FELTON, J. 1. Ground one of the amended motion for a new trial assigns error on the following charge: " 'After considering the evidence and the law as given you in charge, you shall find that the defendant engineers were guilty of any one or more of the acts of negligence charged, and that such negligence, if any, caused, contributed to and was the proximate cause of the plaintiff's injuries, if any, the plaintiff will be entitled to recover,

unless you further find that the plaintiff could have, in the exercise of ordinary care, avoided his alleged injuries.' Movants aver that such charge was erroneous and injurious to them because it was an expression of opinion by the court as to what had been proved and the statement 'You shall find the defendant engineers were guilty of any one or more of the acts of negligence charged' was a positive instruction by the court that the jury find the defendant guilty of negligence." There is no merit in this ground. The original charge contains the excerpt excepted to. The trial judge later corrected and amended his approval which shows that the actual charge was "after considering the evidence and the law as given you in charge, *should you* find the defendant engineers were guilty, etc." This correction eliminates the ground of complaint on this excerpt.

2. Ground two assigns error on the following excerpt: "The court instructs you that when those in charge of a railroad train neglect to comply with the statutory precautions in approaching the highway, and a person on the crossing is struck and injured by the train, the only defenses open to the company are, that the injury was done by the consent of the person injured, or that, by the observance of ordinary care, he could have avoided the injury; or, in mitigation of damages, that his negligence contributed to it. The burden is upon the defendant to satisfy the jury by a preponderance of the evidence either that the plaintiff was consenting to his injuries; or that he could have, in the exercise of ordinary care, avoided the injuries; or, in mitigation of damages, that he was guilty of contributory negligence." While the contention made, that the burden does not shift to the defendant until the plaintiff produces evidence that the act by the railroad in violation of law was the proximate cause of the injuries, is technically correct, the court in this case several times charged that the negligence charged against the defendant must have been the proximate cause of the injuries before the plaintiff was entitled to recover. We do not think that the omission of the statement from this excerpt was harmful error in this case, especially when the only questions were whether the railroad's negligence or that of plaintiff was the proximate cause of the injuries.

3. Grounds three and four assign error on the following ex-

cerpts from the charge: "It is not negligence, as a matter of law, for one not aware of the approach of a train, to fail to stop, look or listen before attempting to cross a railroad track, and the failure to do so would not, as a matter of law, constitute negligence per se. . . A person who is not aware of the approach of a train to the crossing, attempting to cross the track at said crossing, cannot, as a matter of law, be guilty of such contributory negligence as would bar a recovery by him." The complaint is, that these excerpts were confusing and misleading to the jury, and that the jury might have understood them to mean that a person not aware of the approach of a train could not possibly be guilty of negligence which would bar a recovery. We think these grounds are meritorious. While the excerpts state correct legal principles, they may not be understood by jurors, composed of laymen. To those not versed in the law the excerpts have two meanings, one that the issue is solely a question of fact for the jury, and the other, that one crossing and unaware of the approach of a train cannot possibly be guilty of negligence per se or negligence which would bar a recovery. No one can tell how the jury interpreted the charges. The charging of a correct abstract principle of law which tends to confuse a jury is erroneous. *Sikes* v. *Sikes*, 153 *Ga.* 725 (2) (113 S. E. 416); *Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1, 5 (2) (76 S. E. 387, Ann. Cas. 1914A, 880); *Wylly* v. *Gazan*, 69 *Ga.* 506 (3).

4. Other grounds, not complete enough in themselves to ascertain the error complained of, will not be considered.

The general grounds are not passed on.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Parker, J., concurs. Sutton, C. J., concurs specially.*

On rehearing the case was considered by the court as a whole under the Act of 1945 (Ga. L. 1945, p. 232, Ga. Code (Ann. Supp. § 24-3501), and on rehearing the judgment of reversal is adhered to.

*Felton, Gardner and Worrill, JJ., concur; Sutton, C. J., and MacIntyre, P. J., concur specially. Townsend, J., dissents.*

*Note.* When this case was first decided Judge PARKER was living and participated in the decision; but when the case was

considered on motion for rehearing he had died and Judge WOR-RILL had been appointed to succeed Judge PARKER, and partici-pated in the case.

SUTTON, C. J., concurring specially. The excerpt from the charge of the court complained of in ground 3 of the motion, to wit: "It is not negligence, as a matter of law, for one not aware of the approach of a train, to fail to stop, look or listen before attempting to cross a railroad track, and the failure to do so would not, as a matter of law, constitute negligence per se," stated a correct principle of law and I do not think it tended to confuse and mislead the jury, as contended by the plaintiff in error, and as held in the majority opinion. The excerpt com-plained of in ground 4 of the motion may have been confusing and misleading to the jury, and for this reason I concur in the judgment of reversal.

MACINTYRE, P. J., concurring specially. I think that the ex-cerpts from the charge complained of in grounds 3 and 4 were misleading and confusing to the jury; and, as given, and as cap-able of being understood, do not state correct principles of law. The excerpt in ground 3 is: "It is not negligence, as a matter of law, for one not aware of the approach of a train, to fail to stop, look or listen before attempting to cross a railroad track, and the failure to do so would not, as a matter of law, constitute negligence per se." When this excerpt was given, the court had not defined negligence per se as "negligence as a matter of law," nor was it later defined in the charge. "The expression 'negli-gence per se' as used by the various courts, has not acquired that precise and definite meaning so essential to the prevention of am-biguity. It is sometimes used to denote those transactions in which an unquestionable wrong is so directed against a particular per-son that damages are bound to ensue to him, and is therefore practically synonymous with the expression 'actionable per se'; but accurately employed, it has a more limited meaning. Neg-ligence, it should be remembered, is in itself only one of the essential elements prerequisite to a cause of action in a given case. Every violation of any of those duties of omission or commission which, arising from man's state as a social being, have received recognition by the law of the land either generally or specifically, is an act of negligence. So long as these duties re-

main undefined or defined only in abstract general terms, a breach is not properly denominated negligence per se; but when any specific act or dereliction is so universally wrongful as to attract the attention of the lawmaking power, and this concrete wrong is expressly prohibited by law or ordinance, a violation of this law, a commission of the specific act forbidden, is, for civil purposes, correctly called negligence per se. In those jurisdictions in which the application of the facts to the law rests with the jury, the court can not primarily declare that any particular act or state of circumstances amounts to a breach of duty, unless the law so expressly declares; this finding is left to the jury, but if the law itself puts its finger on a particular thing and says 'this is wrong' the court may also (for there is no question as to a fact which the law says exists) put its finger on that same thing and say, 'this is negligence—negligence per se.' This artificial distinction between *negligence per se* and *negligence not per se,* respects, therefore, merely the method by which the existence of negligence is to be ascertained in particular instances." *Platt* v. *Southern Photo Material Co.,* 4 *Ga. App.* 159, 163 (60 S. E. 1068). Thus the courts have, in defining what *is* negligence per se, come to use the expression that "negligence as a matter of law" is "negligence per se," and in view of the fact that the courts have under some circumstances ruled that "as a matter of law" certain facts do not constitute negligence, the expression *"is not negligence as a matter of law"* is not the converse or opposite in meaning to the expression *"is not negligence per se."* The expression "negligence *not per se"* is something entirely different from the expression *"not negligence as a matter of law."* The first expression, while excluding the idea that some specific statute has been violated, still leaves the question of whether the acts of omission or commission are in fact negligence for determination by the jury, while on the other hand, the latter expression instructs the jury that, as a matter of law, the acts in question cannot be found by the jury to be negligent conduct. The excerpt complained of in ground 3 is a compound sentence composed of two independent clauses used conjunctively, and not disjunctively or appositively. The first clause says that *as a matter of law it is not negligence for one not aware* of the approach of a train to fail to stop, look or listen before attempt-

ing to cross a railroad track. The second clause says that a failure to do so [stop, look, or listen before attempting to cross a railroad track when unaware of the approach of a train] "would not, as a *matter of law,* constitute negligence per se." The effect of such a charge is to instruct the jury that the acts of omission in question constitute neither negligence per se nor simple negligence and when this charge was given the question of the plaintiff's contributory negligence, if any, (one of the defendant's major defenses) was eliminated from the jury's consideration.

The excerpt from the charge complained of in ground 4: "A person who is not aware of the approach of a train to the crossing, attempting to cross the track at said crossing, cannot, as a matter of law, be guilty of such contributory negligence as would bar a recovery by him," is, it seems to me, subject to the same criticism, in part, which the writer has made of the excerpt in ground 3, and to the additional observation, that it is capable of leading the jury to believe that so long as the plaintiff remained unaware of the approach of the train no duty devolved upon him, as an ordinarily prudent person, to stop, look, or listen before attempting to cross the track; that is to say, that, as given, the charge is capable of being understood by the jury to mean that so long as the plaintiff failed or refused to exercise his sensory faculties in the first instance to become aware of the presence of an approaching train, there then was no duty thereafter, as an ordinarily prudent person, to stop, look, or listen before attempting to cross the track, such that if he failed to do so would make him guilty of such contributory negligence as to bar a recovery, whereas the law is that "Whether an ordinarily prudent person would attempt to cross a railroad track at a certain time and place, without using his sense of sight or hearing in an effort to discover the approach of a train, is a question of fact to be determined by the jury under the circumstances of the particular case." *Southern Ry. Co.* v. *Tankersley, 3 Ga. App.* 548 (2) (60 S. E. 297).

In short, I think the proper spheres of each of these instructions excepted to in grounds 3 and 4 should have been to instruct the jury that the failure of the plaintiff to stop, look, or listen was not negligence per se, but that the facts relating to the fail-

ure to stop, look, or listen may be considered along with the other facts in the case in determining the negligence of the plaintiff, if any. No single instruction is required to contain all of the law applicable to a case, but where the statement of the law with reference to a matter upon which the court purports to advise the jury is not a complete and harmonious statement of such matter and is incorrect in that it fails to encompass and ignores the requirement that facts relating to a failure to stop, look, or listen may be considered along with the other facts in the case in determining the negligence of a party, if any, the charge is erroneous. These two excerpts are the only specific references as to what effect a failure on the part of the plaintiff to stop, look, or listen would have upon the question of negligence in the case, and, I think, the deficiencies of the excerpts so affected the charge as whole as to prejudice the railroad company's defenses and resulted in harm to the defendant railroad company.

TOWNSEND, J., dissenting. It is my opinion that the excerpts from the charge complained of in special grounds 3 and 4 of the amended motion for a new trial state correct legal principles applicable to this case. Indeed, the grounds of the motion wherein error is assigned thereon concede that these principles of law may be correct, but further contend that the same were misleading, confusing, and not applicable to this case.

Where the law charged by the court is correct, it is never presumed to be harmful, and it is incumbent upon the movant not only to show error but injury. See *Veal* v. *Barber,* 197 *Ga.* 555, 564 (30 S. E. 2d, 252), where it is stated, "Inapplicability alone does not constitute reversible error. Injury to the complainant must be shown."

It is my opinion that these excerpts were neither erroneous nor harmful. The charge, when construed as a whole, is full and comprehensive, and, thus construed, eliminates the probability of the jury having been confused by the excerpts of which complaint is made. The judgment of the trial court, in my opinion, should be affirmed.