33096. ATLANTA & WEST POINT RAILROAD CO.
v. GILBERT.

DECIDED JULY 13, 1950. REHEARING DENIED JULY 26, 1950.

*Morris B. Abram, Heyman, Howell & Heyman,* for plaintiff in error.

*Hewlett & Dennis, T. F. Bowden, Sam D. Hewlett Jr.,* contra.

SUTTON, C. J. This was an action for personal injuries and property damage, brought by William L. Gilbert, a minor, through his mother and next friend, Mrs. Leila Gilbert, in Fulton Superior Court, against the Atlanta and West Point Railroad Company, on account of a grade crossing collision in Atlanta between an automobile belonging to the plaintiff which he was driving at the time and a locomotive operated by agents and employees of the defendant. The jury returned a verdict for the plaintiff for $11,000, judgment was rendered accordingly, and the defendant moved for a new trial. The motion was overruled and the defendant excepted. The only issues

before this court are whether a part of the charge of the court was error and whether the verdict was excessive as a matter of law.

█ It is contended that the court erred in charging the jury, as follows: "Now, I charge you, gentlemen, that in this State it is not negligence as a matter of law for one not aware of the approach of a train to attempt to cross the tracks without stopping, looking and listening." The defendant asserts that this part of the charge in effect "instructed the jury that as a matter of law, in this State it is not negligence for one not aware of the approach of a train to attempt to cross the tracks without stopping, looking and listening." However, the defendant, now the plaintiff in error, in its brief concedes that "The charge, as a statement of a legal principle had merit," further stating that "The merit is that under Georgia law it is not negligence per se to fail to stop, look and listen before going onto a railroad crossing," but contends that it was confusing in that to a jury composed of laymen not acquainted with the technical terms of the law it conveyed the impression that they could not, in any event, consider the failure of the plaintiff to stop, look, or listen as negligence.

The court in the next sentence after making the statement on which error is assigned charged as follows: "I charge you that the question as to whether or not the plaintiff failed to stop, look or listen before attempting to go across the railroad crossing as described in plaintiff's petition is a question of fact for you to determine; and if you find that the plaintiff did fail to stop, it would then be a question for you to determine, from all the facts and circumstances as disclosed by the evidence produced to you, whether or not such failure constituted negligence as a matter of fact."

This was a correct applicable charge under the law and evidence in this case. An excerpt from the charge on which there is an assignment of error must be considered in connection with whatever additional statements of a clarifying nature were made in regard to the same matter. Under the circumstances as disclosed by the record in this case that part of the charge of which complaint is made was not error.

The defendant relies mainly upon the rulings in *Atlantic*

*Coast Line R. Co.* v. *Brand,* 79 *Ga. App.* 552 (54 S. E. 2d, 312), wherein two excerpts from the charge somewhat similar in substance to the one here given were held to be error. These excerpts are as follows: 1. "It is not negligence, as a matter of law, for one not aware of the approach of a train, to fail to stop, look or listen before attempting to cross a railroad track, and the failure to do so would not, as a matter of law, constitute negligence per se." 2. "A person who is not aware of the approach of a train to the crossing, attempting to cross the track at said crossing, cannot, as a matter of law, be guilty of such contributory negligence as would bar a. recovery by him." It was held, in the majority opinion in that case, that these excerpts were misleading and confusing, and might be interpreted by those not versed in the law as meaning, in contrast to the correct meaning, "that one crossing and unaware of the approach of a train cannot possibly be guilty of negligence per se or negligence which would bar a recovery." That case is distinguishable from the case at bar in that the ruling there made was based on the effect of such language in the absence of any further statements which would serve to eliminate the possibility of an incorrect interpretation by a jury composed of laymen.

Excerpts from the charge of the court in regard to a failure to stop, look, or listen at a railroad crossing were held not to be error in the cases of *Atlanta, Birmingham & Coast R. Co.* v. *Thomas,* 64 *Ga. App.* 253 (12 S. E. 2d, 494), and *Veazey* v. *Glover,* 47 *Ga. App.* 826 (171 S. E. 732). In the *Thomas* case error was assigned on two excerpts in this respect, as follows: 1. "The failure of a person approaching a railroad crossing, and unaware of the approach of a train, to stop, look, or listen is not a lack of ordinary care preventing recovery, as a matter of law, in a suit for ordinary negligence." 2. "In this State it is not per se negligence for one not aware of the approach of a train to attempt to cross the track without stopping, looking, and listening; but in any case, in this case, it is a question for the jury to determine from the evidence and the facts and circumstances of the case whether or not Lonnie O. Thomas was negligent if he failed to stop, look, or listen before attempting to cross the defendant company's track." In the *Veazey* case

error was assigned on a statement to the jury by the court, upon inquiry by one of the jurors as to the effect of the law that railroad crossings have a sign to stop, as follows: "In a case of this character there is no statutory law in Georgia which requires the operator of an automobile to stop, look, and listen before going upon a crossing. The question of whether or not a failure on the part of an operator of an automobile to stop before entering a crossing or take other precautions to ascertain whether or not a train is or is not approaching a crossing would be failure to exercise ordinary care and diligence, as the court has already defined to you, and whether or not that was done, are questions of fact that the jury must determine under the facts of each particular case. A person is not required by law to stop, and whether or not ordinary care and diligence would require him to stop, look, or listen, is a question of fact to be determined by the jury."

■ According to the evidence, in its most favorable aspect to the plaintiff in regard to damages, his actual monetary loss up to the time of trial was $1849, and if he elected to undergo further treatment for his injuries the probable cost and monetary loss would be $1490, and in addition thereto it was shown that his injuries had caused pain and suffering in the past, were still causing pain and suffering, which would likely continue unless an operation was performed on a joint below the ankle on one foot so as to render the joint permanently immobile, and this would cause considerable pain and suffering, and he would be permanently incapacitated to some extent, with or without such an operation. There was evidence to the effect that the collision was caused solely by the negligence of the defendant, or by the combined negligence of the plaintiff and the defendant, or by the negligence of the plaintiff, and, as submitted to the jury, the issue of negligence and proximate cause included the possibility of a full recovery by the plaintiff, or in an amount decreased by application of the rule of comparative negligence, or a verdict for the defendant. It is clear that a verdict based on any of these theories was authorized under the evidence. Under such circumstances where there was a verdict for the plaintiff, and the question presented is whether or not the amount of the verdict was excessive, this court is

confined to a determination of the question upon the premise that the verdict was based on the negligence of the defendant, and that it was not reduced by reason of any contributory negligence on the part of the plaintiff. *Georgia Ry. & Power Co.* v. *Tribble*, 29 *Ga. App.* 575 (6) (116 S. E. 207). An award of damages to the plaintiff properly included compensation for actual monetary losses and an additional amount for pain and suffering. Since damages for pain and suffering are measured solely by the enlightened consciences of impartial jurors, this measure affords a broad discretion to the jury as to the amount of the award. In the absence of any showing of actual bias or mistake the amount of the verdict which might be attributable to pain and suffering, past, present, and future, even if generous, would not afford a legal basis for a holding by an appellate court of this State that the verdict was excessive as a matter of law. Under the evidence in this case and the law applicable thereto the verdict for $11,000 for the plaintiff was not excessive as a matter of law requiring the grant of a new trial. In this connection see Code, § 105-2015; *City of Rome* v. *Davis*, 9 *Ga. App.* 62, 67 (70 S. E. 594); *Realty Bond & Mortgage Co.* v. *Harley*, 19 *Ga. App.* 186, 187 (2) (91 S. E. 254); *Seaboard Air-Line Ry.* v. *Vaughn*, 19 *Ga. App.* 397 (3) (91 S. E. 516); *Western & Atlantic R.* v. *Burnett*, 79 *Ga. App.* 530, 540 (7) (54 S. E. 2d, 357); *Lang* v. *Hopkins*, 10 *Ga.* 37; *Southern Ry. Co.* v. *Brock*, 132 *Ga.* 858, 863 (64 S. E. 1083), and cases cited therein.

■ The trial judge did not err in overruling the motion for a new trial.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code, Ann. Supp., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C. J., Gardner, Townsend, and Worrill, JJ., concur. MacIntyre, P. J., and Felton, J., dissent.*

FELTON, J., dissenting. I think that the charge complained of was erroneous for the reason assigned and held to be erroneous in the case of *Atlantic Coast Line Ry. Co.* v. *Brand*, 79 *Ga. App.* 552, and I do not think that the error was removed

by the further charge of the court because the court in the additional charge omitted any reference to *looking* and *listening*. The effect of the charge was to confuse and mislead the jury as to whether the failure of the plaintiff to look and listen could be relied on by the defendant to defeat recovery or reduce damages. MacIntyre, P. J., concurs in the dissent.