**SEABOARD AIR LINE R. CO. v. DEESE.**

No. 13180.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1950.

S. H. Dykes, Wingate Dykes, Americus, Ga., for appellant.

Hollis Fort, Sr., Americus, Ga., John S. Averill, Jr., Montezuma, Ga., Hollis Fort, Jr., Americus, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

### HOLMES, Circuit Judge.

This is an action for damages against appellant. It was brought by appellee for the alleged wrongful death of her husband, who was struck by a locomotive operated by appellant over a crossing of its tracks and a public highway in Georgia. The decedent walked or ran directly in front of the train, and was killed instantly. The time was between twelve and one o'clock P. M.; the weather clear; the date June 6, 1949.

The complaint alleged, and the appellee contends, that the appellant was negligent in operating the train at an excessive rate of speed, in failing to blow the whistle of the locomotive at a point four hundred yards from said crossing or elsewhere before the impact, in failing to ring the bell of the locomotive, and in failing to give any signal to warn persons on or near the crossing of the approach of said train. The appellant moved for an instructed verdict below, and sought to procure the same by various other motions, on the ground that the evidence was not sufficient to justify submission of the case to the jury.

Prior to the accident, the deceased lived only a few hundred yards south of the public crossing where he met his death. On the fatal day, as was generally the custom, his son was waiting in the latter's truck, on the opposite side of the track, to take his father back to work after lunch; the son's truck was parked just north of the public crossing. As the father approached the crossing, he broke into a trot and ran directly in the path of the oncoming train. Evidently the decedent did not see or hear the train or, if he did, he misjudged its speed and thought he could beat it across the track.

It is clear that the decedent was guilty of negligence either in failing to look and listen for a train before going upon the track or, if aware of the approaching train, in attempting to cross in front of it. It is also clear from the record that there was substantial evidence from which a fair and impartial jury might reasonably infer that the appellant was negligent in one or more of the particulars alleged in the complaint. The crucial question of fact for the jury was whether the appellant's negligence was a proximate cause of the homicide, since it could not fairly be denied that the decedent's negligence was either the sole or a contributing cause thereof.

If appellant's negligence was a direct and proximate cause that materially contributed to the death in question, it necessarily follows that the decedent's negligence was not the sole cause of his death. Therefore, the crucial question on appeal is whether there was substantial evidence from which an impartial jury might find that the appellant's negligence materially contributed directly and proximately to the death of the decedent. We cannot say, as a matter of law, that the appellant's negligence did not directly and materially contribute to the fatal result in this case, since an unbiased jury might reasonably have inferred from the evidence that the accident would not have occurred if the appellant had not committed one or more of the acts of negligence alleged in the complaint. Moreover, in fixing the amount of the verdict, the jury evidently took into consideration the contributory

negligence of the deceased. Therefore, we think the judgment appealed from should be affirmed. Southern Ry. Co. v. Tankersley, 3 Ga.App. 548, 60 S.E. 297; Atlantic Coast Line R. R. Co. v. Bradshaw, 34 Ga.App. 360, 129 S.E. 304; Central of Georgia Ry. Co. v. Grace, 46 Ga.App. 101, 102, 166 S.E. 684; Vaughn v. Louisville & N. R. R. Co., 53 Ga.App. 135, 185 S.E. 145; Pollard v. Heard, 53 Ga.App. 623, 626, 186 S.E. 894; Pollard v. Savage, 55 Ga.App. 470, 475, 190 S.E. 423; Alabama Great Southern Ry. Co. v. Gross, 61 Ga.App. 609, 7 S.E.2d 38; Georgia Northern Ry. Co. v. Rollins, 62 Ga.App. 138, 8 S.E.2d 114; Wilson v. Pollard, 62 Ga.App. 781, 10 S.E. 2d 407; Callaway v. Pickard, 68 Ga.App. 637, 644, 23 S.E.2d 564; Atlanta & West Point R. R. Co. v. Gilbert, 82 Ga.App. 244, 60 S.E.2d 787.

Affirmed.