**GEORGIA RAILROAD and BANKING COMPANY, Appellant,**

v.

**James Taft OTTS, Appellee.**

No. 16341.

United States Court of Appeals Fifth Circuit.

June 19, 1957.

Eugene A. Epting, William L. Erwin, Athens, Ga., Erwin, Nix, Birchmore & Epting, Athens, Ga., for appellants.

George D. Finley, Birmingham, Ala., Jake B. Joel, Athens, Ga., for appellee.

Before BORAH, RIVES and BROWN, Circuit Judges.

PER CURIAM.

The jury found appellant Railroad guilty of negligence proximately causing the injuries received by the plaintiff in a truck-diesel locomotive crossing collision at Crawford, Georgia. The Trial Court denied motions for a directed verdict and for judgment n.o.v. We agree with the Trial Court and thereby reject the Railroad's sole contention that it was entitled to judgment as a matter of law.

The plaintiff, operating a loaded truck-trailer over this highway (U.S. Highway 78), completely unfamiliar to him, was unaware of the presence of the railroad crossing in the small town of Crawford as he entered upon it and was struck by Railroad's train at 2:00 o'clock in the morning of January 20, 1955. The highway (east-west) intersects the track (north-south) at a right angle. The plaintiff was driving east, the train moving south. The train was using the backing air whistle, but did not sound the "big horn" until the moment of collision. An intersection is formed by a street parallel and immediately adjacent to the

railroad. Stores and businesses were located on either side of the highway. The track of the crossing itself was recessed into the level of the street. The night was dark, clear and cold (16°).

To warn eastward-bound approaching motorists of the crossing were two signs, the existence of which according to appellant not only frees the Railroad from any negligence but also establishes as a matter of law that the principal cause of the accident was the plaintiff's own negligence in ignoring or failing to see what was placed there for his and others' protection.

The first sign, located approximately one block west of the crossing on the right-hand shoulder of the road was maintained by the Highway Department and consisted of a round disk containing an "X" flanked by the letters "R.R." But there was evidence, although sharply contradicted, from which the jury could find that this sign was effectively obscured by the limbs of an over-hanging chinaberry tree. And the second, a statutory "cross-buck" warning sign, so heavily relied on by the Railroad, was conclusively proved by the Railroad's own witnesses, photographs and engineering plats, to be some twelve feet off the shoulder of the highway on the *left*-hand side to a motorist headed east, and thirty-one feet *beyond* (east of) the crossing where the accident occurred and whose presence it was supposedly designed to indicate. Clearly the question was for the jury as to whether these signs satisfied the Railroad's duty to warn, or that their presence conclusively established negligence on the part of the plaintiff. Cf. Atlantic Coast Line Railroad Company v. Kammerer, 5 Cir., 239 F.2d 115.

Nor can the Railroad elevate into propositions of law, either as a lack of primary negligence or the presence of decisive contributory negligence of the plaintiff as a matter of law, the factual questions of whether the whistle and airbell were being sounded, and if so whether the plaintiff in his truck cab with the windows closed heard, or should have heard, them; whether the street light overhanging the intersection was sufficiently bright to obscure the burning headlight of the approaching locomotive; whether the plaintiff was traveling at a reasonable speed as he testified or faster, as the train crew testified; whether the engineer blew the "big horn" too late to be effective or whether it should have been blown earlier. Such questions are " * * * the very stuff of which the ordinary prudent man is compounded," Texas and Pacific Railway Company v. Watkins, 5 Cir., 243 F.2d 171, 174.

The case was submitted to the jury under instructions concerning which there is no complaint on evidence which permitted the jury inferences of negligence by the Railroad and absence of that contributory negligence of the plaintiff which, under Georgia law, would bar recovery. There it ends.

Affirmed.