**SOUTHERN RAILWAY COMPANY,**
Appellant,

v.

**Richard HAYNES and Grady Howard, Jr.,**
**by next friend, Grady Howard, Sr.,**
Appellees.

No. 18739.

United States Court of Appeals
Fifth Circuit.

Aug. 2, 1961.

Rehearing Denied Sept. 8, 1961.

Emory F. Robinson, Robert B. Thompson, Gainesville, Ga., Charles J. Bloch,

Macon, Ga., Wheeler, Robinson & Thompson, Gainesville, Ga., for appellant.

Sidney O. Smith, Jr., Telford, Wayne & Smith, Gainesville, Ga., for appellees.

Before JONES and BROWN, Circuit Judges, and DE VANE, District Judge.

DE VANE, District Judge.

Richard Haynes, appellee, sued Southern Railway Company, appellant, in the City Court, Hall County, Georgia, for $100,000 damages for pain and suffering, medical expenses, loss of earnings and diminished capacity to labor and earn money, which he alleged resulted from injuries sustained on April 25, 1959, when a tractor-trailer he was operating was struck by a train of appellant just outside the city of Gainesville, Georgia. The case was removed to the District Court of the United States for the Northern District of Georgia, Gainesville Division. Appellant then filed its answer in the United States District Court.

Grady Howard, Jr., by his next friend, appellee, also sued appellant in the same State Court for $25,000 damages on account of pain and suffering, medical expenses and diminished capacity to labor and earn money, which he says resulted from the collision between the train and tractor-trailer operated by Haynes in which he was riding. The case was removed to the same United States District Court and appellant then filed an answer.

Both cases were consolidated for purposes of trial, separate verdicts to be rendered. The cases were tried together before a jury at the October, 1960, term of Court. Verdicts were rendered in favor of Haynes in the sum of $23,640.85 and costs and in favor of Howard in the sum of $1,360 and costs.

Appellant entered separate direct appeals to this Court and the cases have been here consolidated on appeal.

Appellees alleged in their complaints that the collision occurred at a grade crossing in a thickly populated and industrial area where there was heavy vehicular traffic; that there were two lines of railroad tracks over the crossing situated parallel and about six feet apart and that the line of track nearest to the approach of the tractor-trailer was a main line and the other a passing or side track, which appellees contended was used to stop trains upon while other trains passed.

Appellees further alleged that the tractor-trailer, with Haynes driving and Howard sitting on the seat beside him, approached the crossing from the east, stopped and remained stopped until a passenger train going north had crossed and fully cleared the crossing and that after Haynes had looked in both directions, he moved the vehicle forward in low gear over the track they alleged to be the main line and on to the other track, where it was struck by a freight train traveling south at an alleged speed in excess of fifty miles an hour; that the tractor-trailer was carried approximately three hundred feet down the track and demolished and that both appellees were injured. The complaints further alleged that neither the bell nor the whistle on the freight train was sounded.

As is the custom in Georgia, nine specific charges of negligence were named in the complaints. It is unnecessary to repeat them here as they are the usual charges in cases of this character.

Appellant alleged in its answers that there were two main lines of railroad tracks of equal prominence over the crossing and that both main lines extended a distance of seven miles from Red Lane, north of Gainesville, to Chicopee, south of Gainesville. Appellant further alleged that after the passenger train had passed over the intersection, Haynes without looking drove the vehicle forward across the first track, the intervening distance between the two tracks and upon the second track in front of the freight train, and that the injuries suffered by him were caused by his own negligence in failing to use his sight and hearing in failing to observe the approaching train and in failing to heed a flashing red light signal with an electrically operated bell at the crossing fac-

ing him and in failing to remain stopped until both trains had cleared the crossing; that Haynes by the exercise of ordinary care could have avoided the injuries he sustained and was not entitled to recover.

Appellant also contended that plaintiff Howard could also have avoided the injuries he claims to have suffered by the exercise of ordinary care and that his injuries were directly and proximately caused by his own negligence in failing to warn the driver of the vehicle in which he was riding of the approaching second train.

The evidence in support of the charges of negligence made by appellees and the charges of negligence made by appellant is in some respects conflicting. Testimony was introduced by appellees to the effect that after the passenger train had passed, the flashing red light signal with electrically operated bell ceased to operate when appellees moved ahead to cross the railroad tracks. Appellant offered testimony to the contrary. The evidence does fully establish that immediately following the wreck the flashing red light signal with electrically operated bell was in operation and remained in operation for more than an hour thereafter. The evidence further establishes as a fact that neither the appellees nor the train crew of the freight train saw their predicament and peril until the front of the freight train was within a very few feet of the tractor.

There is some conflict in the testimony also as to the rate of speed of the passenger and freight trains, but the prevailing testimony seems to be to the effect that each was traveling at approximately fifty miles per hour, and there is no testimony in the record establishing as a fact that the operator of the freight train slowed the speed of that train because he was approaching a crossing over which a passenger train moving in the opposite direction had just approached, crossed over and passed.

As a result of this accident, appellee Haynes became unconscious and when he recovered consciousness, he was unable to recall anything he did from the time he approached the railroad crossing until after he regained consciousness some days later, and he was not questioned with reference to how the accident happened.

At the conclusion of all the evidence, appellant moved the Court for a directed verdict in its favor in each case, which motion was denied. Appellant then requested the Court in writing to instruct the jury that neither plaintiff was legally entitled to recover from the evidence adduced upon the trial and to render verdicts in favor of the defendant. These requests were denied and objections were duly taken to each ruling of the Court.

Appellant then timely presented twenty-one requested charges in writing, none of which were given by the Court as requested charges of defendant. Objections were then made to the refusal of the Court to give requests Nos. 1, 2, 7, 13, 14, 17, 18, 19, 20 and 21. No other assignments of error were made.

In considering appellant's specification of errors relating to the Court denying the motions for directed verdicts and in refusing to instruct the jury (requested charges 1 and 2) that neither plaintiff was legally entitled to recover under the evidence adduced upon the trial, it is necessary that we first take cognizance of the fact that under Georgia law comparative negligence is the rule and contributory negligence on the part of a plaintiff does not defeat his right to recover in suits against railroads. As has been so many times said by this Court in cases arising in Georgia, the question of comparative negligence on the part of the parties is exclusively a jury question and not a question that may be determined by the Court as a matter of law. Georgia Code, Section 94–506; Georgia Code, Section 94–703; Georgia Code, Section 105–603; Seaboard Airline R. V. Deese, 5 Cir., 185 F.2d 290; Atlantic Coast Line R. Co. v. Key, 5 Cir., 196 F.2d 64; Atlantic Coast Line R. Co. v. Kammerer, 5 Cir., 239 F.2d 115; Georgia Railroad & Banking Co. v. Otts, 5 Cir., 245 F.2d 561; Southern Railway

Company v. Jolley, 5 Cir., 267 F.2d 934. This matter is so well settled under Georgia law that further consideration of it and citations of further authorities appear wholly unnecessary.

The next specification of errors relied upon by appellant is the refusal of the Court to give certain requested charges. As pointed out heretofore, appellant timely presented twenty-one requested charges, all of which are made a part of the record in this case, but none of which were given verbatim by the Court. Included in appellant's specification of errors it assigns as error the Court's refusal to give charges 7, 13, 14, 17, 18, 19, 20 and 21.

Requested charges 7, 13, 14, and 17 were all carefully prepared in an effort to bring this case within the scope of Iler v. Seaboard Air Line R. Co., 5 Cir., 214 F.2d 385. The facts in this case differ from the fact in the Iler case to such an extent that it is obvious that the Court committed no error in refusing these requested charges. This is a case where, based upon the evidence, the Court was obliged to submit the question of liability to the jury. It could not have been disposed of as a matter of law.

Requested charges 18 through 21 involved requests to instruct the jury not to consider certain sub-paragraphs of Haynes' complaint and Howard's complaint. They are in effect attacks on the sufficiency of the allegations in the nature of demurrers. They come too late as an attack upon the sufficiency of allegations in the complaints. This question should have been raised by appropriate motions under Federal Rule 12, 28 U.S.C.A.

In further consideration of the specification of errors relating to the Court's refusal to give the requested charges, this Court has carefully examined and considered the charge to the jury given by the Court at the time the cases were submitted to it and finds the charge of the Court complete and adequate on every point so far as these cases are concerned, and the refusal of the Court to give requested charges under these circumstances was not error. Marshall v. Nugent, 1 Cir., 222 F.2d 604, 58 A.L.R.2d 251; Messer et al. v. L. B. Foster Company, Inc., et al., 5 Cir., 254 F.2d 412.

Finding no error calling for reversal of these cases, the judgments of the District Court are

Affirmed.